## Wytheville.

### WILLARD v. WILLARD.

#### JULY 5, 1900.

Absent, Riely, J.*

1. PROCESS—*Order of Publication—Right to Show Cause—Code, Section 3233.*—Under the provisions of section 3233 of the Code, a non-resident defendant who has not been served with process nor appeared before a decree was rendered against him, but who petitions to have the cause reheard within one year thereafter, has the right to file such petition, and to plead or answer in order to have any injustice done him in the proceedings corrected.

2. DIVORCE SUIT—*Continuance—Amendments—Case in Judgment—Cross-Charges.*—In suits for divorce, courts are liberal in allowing continuances and suspensions of hearing to supply defects in the evidence or pleadings. In the case in judgment, it was error to refuse to allow appellant to amend her cross-bill, charging the appellee with additional recent acts of adultery. The evidence does not disclose a lack of proper diligence on her part.

Appeal from a decree of the Hustings Court of the city of Roanoke, pronounced December 6, 1899, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*Smith & King,* for the appellant.

*Judge Riely was prevented by sickness from attending this term.

*G. W. Crumpecker* and *William Gordon Robertson*, for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Corporation Court of the city of Roanoke, and the case is as follows:

Appellant and appellee intermarried in the State of New York on June 6, 1888, and lived together as man and wife, at various places, in different States, until March 16, 1896. For several years previous to February, 1895, they resided in the city of Roanoke, Va. In February, 1895, appellant went on a visit to New York to see her sick father, who died before her arrival. She remained in the North with her people until the following September, when appellee joined her, and they lived together as man and wife in Hartford, Conn., from October 1, 1895, until March 16, 1896. On the last-named date, appellee left appellant in Hartford and returned to Roanoke, Va., where he owned a residence and some other property, saying to appellant that he expected to be absent about six weeks. He did not return to Hartford, Conn., but in May, 1898, filed his bill against appellant in the Hustings Court of the city of Roanoke for a divorce from her on the grounds of cruelty and abandonment. On June 9, 1898, he proceeded to take the depositions of witnesses in Roanoke, and on June 24, 1898, the cause was heard on his bill and the said depositions, and the court entered a decree divorcing him from appellant *a vinculo matrimonii* and dismissing the case from the docket. May 8, 1899, appellant filed her petition in the Hustings Court of Roanoke, alleging that she had never been served with process to answer the bill filed against her by appellee, and had not had any notice whatever of the pendency of his suit prior to the decree therein of June 24, 1898, nor until a very short while before filing her petition, and asked that the decree of June 24, 1898, be set

aside; that she be permitted to file her answer to the bill filed by
appellee, and that her answer be treated as a cross-bill.  She was
permitted to file her answer, to be treated as her cross-bill; the
decree then entered reciting that it appeared from the record in
the case that she was not served with process, and did not appear
in the case prior to the decree of June 24, 1898.  The cross-bill
charges appellee with adultery in the city of Middletown, Conn.,
between July 1 and December 3, 1897, and with desertion and
abandonment of appellant on the 16th day of May, 1896, and
prays for a divorce from him, alimony, &c.  Appellee answered
the cross-bill and exhibited therewith a certificate of the clerk
of the Supreme Court of Middlesex county, Conn., setting forth
that appellant had instituted a suit against appellee for a divorce
in said county and State in December, 1898.  Depositions were
taken on behalf of appellant, and also the deposition of appellee
on his own behalf; the depositions for appellant clearly showing
that she and appellee lived together as man and wife in Hart-
ford, Conn., from October 1, 1895, to March 16, 1896, when he
left her and came back to Roanoke, Va., and had not since then
contributed to her support and maintenance.  The cause coming
on to be heard on the 6th of December, 1899, on the pleadings,
the depositions of witnesses, and the exception of appellant to
the deposition of appellee taken on his own behalf, appellant
asked leave to file her amended cross bill, charging appellee with
adultery in the city of Roanoke, Va., during the months of
March and April, 1898, and moved the court to continue the
cause for the purpose of permitting her to take proof to sustain
this charge, but the court overruled her motion for a continu-
ance, refused to permit her to file her amended cross-bill, and
heard the case upon the record as it stood, entering the decree
appealed from, which, in so far as it is now material, is as follows:
" *     *     *     The court being of opinion that the defendant
has no right to set up by cross-bill, in this suit, any facts en-
titling her to a divorce from the plaintiff, because the court is

satisfied from the evidence that prior to the time she entered an
appearance in this suit, but subsequent to the institution of this
suit, she had instituted a suit for divorce from the plaintiff in
the court where she resides, in the city of Middletown, Conn.,
which is yet pending, and that hence this court is without juris-
diction to entertain her cross-bill.

The decree then denies appellant's motion to permit her to
file her amended cross-bill, dismisses her original cross-bill, and,
reciting that the evidence showed that appellant and appellee
last resided together as man and wife in the city of Hartford,
Conn., as late as March 16, 1896, and that the decree of divorce
granted the plaintiff (appellee) from the defendant (appellant)
on June 24, 1898, was improperly granted, as three years had
not elapsed at that time since the alleged abandonment, set aside
said decree, and dismissed the cause.

Appellee assigns as cross error so much of the decree as sets
aside the decree of June 24, 1898, awarding appellee a divorce
from appellant. There is no error in this ruling of the court
below. As we have seen, and the decree so recites, the evidence
in the cause shows the fact that appellant and appellee had lived
together as man and wife as late as March 16, 1896, and three
years had not elapsed when the decree of June 24, 1898, was
rendered. Moreover, a decree entered in the cause prior to the
decree appealed from rightly held that it appeared from the
record in the cause that appellant was not served with process to
answer the bill filed by appellee, and did not appear in the cause
prior to the decree of June 24, 1898. She was, therefore, clearly
entitled to file her petition to have the case reheard, and to plead
or answer, in order to have any injustice done her in the pro-
ceedings corrected. Section 3233 of the Code.

Counsel for appellee frankly concede in the argument here
that the reason given in the decree for denying appellant's right
to file her amended cross-bill is erroneous, but contend that she
should have been denied this right because of the lack of dili-

gence in bringing forward the matters alleged in the amended cross-bill, and the proof to sustain them.

The authorities cited in support of this contention are not applicable, as the court in those cases was passing upon the question whether or not the pleader should have been allowed to file a petition for a rehearing or a bill of review on the ground or newly-discovered evidence touching the matters already decided, and not on the right to file a cross-bill, or an amended cross-bill, setting up newly-discovered facts pertinent to the issues undetermined in the cause, and to take proof in substantiation of these facts.

Mr. Bishop, in his work on Marriage and Divorce, Volume II., section 673, says: "In proper circumstances, where justice requires, the courts in divorce causes are liberal in allowing continuances and suspensions of the hearing, to supply defects in the evidence or pleadings. The public is not interested to interpose technical obstructions. Of all causes there are none wherein more than these the exact and real truth should on every account be made to appear."

The doctrine stated by this learned author, and supported by ample authority cited, is peculiarly applicable to the case at bar.

No effort is made by appellee to sustain the charge of cruelty made in his bill, and instead of the evidence in the record sustaining his charge of abandonment by appellant in February, 1895, it clearly shows, as we have seen, that he in fact abandoned her in March, 1896, after living with her as his wife for months next preceding, leaving her in a foreign State, without sufficient means of support, and remained away from her continuously until the institution of this suit by him, and afterwards. Under these circumstances, and in view of the further fact that appellant made her appearance in the case as soon as she ascertained that it was in existence, it cannot be reasonably said that there was such a lack of diligence on her part in bringing forward the matters al-

leged in her amended cross-bill as to justify a denial of her right to file it, and to take proof to sustain its allegations.

We are of opinion that the decree appealed from is erroneous, in so far as it denied appellant the right to file her amended cross-bill in the cause, and to take proof of its allegations, dismissed her original cross-bill, and removed the case from the docket, and to this extent it will be reversed and annulled, but in all other respects affirmed, and the cause is remanded to be further proceeded in according to the views expressed in this opinion.

*Reversed.*