Carl SCARBROUGH, as Trustee and Chairman of the Board of Trustees of the United Furniture Workers Pension Fund A on Behalf of United Furniture Workers Pension Fund A, Plaintiff,

v.

R–WAY FURNITURE COMPANY, a Delaware corporation, and Franklin Industries, Inc., an Illinois corporation, Defendants.

No. 85–C–0003.

United States District Court, E.D. Wisconsin.

Feb. 26, 1985.

Herbert Adams, Rothstein, Adams & Rothstein, Chicago, Ill., and Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for plaintiff.

Robert T. Melzer, Rohde, Neuses & Dales, Sheboygan, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

This action was initiated on January 2, 1985, when the plaintiff, as trustee and chairman of the Board of Trustees of the United Furniture Workers Pension Fund A, filed his complaint to collect certain unpaid contributions, allegedly owed to the United Furniture Workers Pension Fund A, pursuant to collective bargaining agreements between the defendant-employer, R-Way Furniture Company, and the exclusive bargaining agent for its employees, UFWA Local 800. In addition to R-Way Furniture Company, allegedly a Delaware corporation, the plaintiff has also named as a defendant in this action Franklin Industries, Inc., purportedly an Illinois corporation.

Invoking the Court's jurisdiction pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1), the plaintiff alleges that defendant R-Way Furniture Company "was and is a party to

collective bargaining agreements with UFWA Local 800 effective for the periods January 10, 1981 through January 10, 1984 and September 20, 1984 through January 10, 1987," copies of which are appended to the complaint; that pursuant to Article XV of the collective bargaining agreements, this defendant is obliged to contribute to the subject pension fund each month in an amount equal to $0.33 for each employee-hour worked; and that the defendant has breached this provision by failing to pay the requisite contributions for certain employees for the months of January 1984 through the present. Plaintiff's *Complaint* at 3–4 (January 2, 1985).

Citing the relevant remedial provisions of Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1145, the plaintiff seeks, among other things, the total amount of unpaid contributions due to the Fund since January of 1984, interest thereon at a rate equal to the prevailing prime rate of interest plus two percentage points, an order permanently enjoining defendant R-Way Furniture Company from failing and refusing to pay contributions to the Fund, and reasonable attorneys' fees and costs incurred in the prosecution of this action.

On January 3, 1985, defendant R-Way Furniture Company filed the present motion, presumably pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order compelling the plaintiff to furnish a more definite statement of his claim. In particular, the movant seeks more specificity with respect to the corporate status of the named defendants and with respect to a subject collective bargaining agreement—a request articulated as follows:

1. Whether R-Way Furniture Company, a Deleware [sic] corporation and Franklin Industries, an Illinois corporation, or R-Way Furniture Company, a division of Franklin Industries, a New York corporation, is the defendant in this action.
2. What collective bargaining agreement covered the period from January 10, 1984 through September 20, 1984 referred to in the Complaint.

Defendant's *Motion* at 1–2 (January 30, 1985).

■ Rule 12(e) of the Federal Rules of Civil Procedure sets forth those conditions under which a party may petition for a more definite statement, as follows:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

A motion for a more definite statement is an appropriate device to narrow issues, to disclose the boundaries of claims, and to expedite and simplify proceedings. *Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 714 (5th Cir.1976); *E.I. DuPont De Nemours & Company v. DuPont Textile Mills, Inc.*, 26 F.Supp. 236, 236 (M.D.Pa.1939). It is generally held that Rule 12(e) is designed to strike at unintelligibility rather than simple want of detail. *Stanton v. Manufacturers Hanover Trust Company*, 388 F.Supp. 1171, 1174 (S.D.N.Y.1975); *Juneau Square Corporation v. First Wisconsin National Bank of Milwaukee*, 60 F.R.D. 46, 49 (E.D. Wis.1973).

■ Because of the many discovery procedures presently available to litigants in federal courts, district judges are admonished to exercise their discretion sparingly in ordering more definite statements; indeed, a motion under Rule 12(e) must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail. *McSparran v. H.J. Williams Company*, 249 F.Supp. 84, 87 (E.D.Pa.1965); *Nelson v. Quimby Island Reclamation District Facilities Corpora-*

*tion,* 491 F.Supp. 1364, 1384 (N.D.Cal. 1980). Accordingly, Rule 12(e) petitions are no longer favorites of the law and are rarely granted. *Choat v. Rome Industries, Inc.* 480 F.Supp. 387, 391 (N.D.Ga. 1979); *Usery v. Local 886, International Brotherhood of Teamsters,* 72 F.R.D. 581, 582 (W.D.Okla.1976).

The Court has carefully considered the present motion in the context of these well-established standards and concludes that the complaint as drafted is not so vague, ambiguous, or unintelligible as to preclude the defendants from framing a responsive pleading. Specifically, the Court opines that that portion of the present motion by which the movant seeks greater specificity as to the corporate status of the two named defendants may be preliminary to some challenge to the propriety of service in this case; indeed, the movant makes cryptic reference to an objection to the Court's jurisdiction on this very basis in the preliminary paragraph of its motion.

While it is not the role of the Court to dictate the litigation strategies of those parties appearing before it, it does view the present Rule 12(e) motion as an improper method of challenging either personal jurisdiction or sufficiency of service of process—matters more directly addressed under Rule 12(b) of the Federal Rules of Civil Procedure. Notwithstanding the fact that defendant Franklin Industries, Inc. is apparently named only in the caption of the complaint, the Court does not feel that the plaintiff's claim is so insufficiently pled that some sort of responsive pleading might not be framed.

Likewise, the Court opines that the second request embodied in the present motion, by which the plaintiff seeks identification of the collective bargaining agreement for the period from January 10, 1984, through September 20, 1984, raises issues more appropriately addressed in the context of a motion to dismiss for failure to state a claim upon which relief can be granted. Acknowledging the possibility that at least a portion of the plaintiff's principal claim is premised on a period of time covered by neither of the collective bargaining agreements appended to the complaint, the Court is of the view that any such factual insufficiency in the plaintiff's cause of action need not and should not be addressed as a pleading matter under Rule 12(e). As before, there is nothing to prevent the defendants from incorporating appropriate affirmative defenses in their answers or interposing motions to dismiss based on a perceived deficiency in the factual basis for the present action.

### CONCLUSION

Despite the plaintiff's failure to oppose the present motion, the Court concludes, based on its own review of the complaint as drafted and its careful consideration of the two issues presented by the movant, that the subject pleading is not so vague or ambiguous that the defendants cannot reasonably be required to frame a responsive pleading. Accordingly, the Court hereby DENIES the motion of defendant R-Way Furniture Company for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.