## Norfolk

BONNIE CZECK HAYES

v.

JOHN G. HAYES

No. 0722-85

Decided December 16, 1986

500

Counsel

Willafay McKenna (Lawrence A. Martin; Peninsula Legal Aid
Center, on brief), for appellant.

Edward L. Chambers, Jr. (Prentis Smiley, Jr.; Smiley and Cham-
bers, on brief), for appellee.

Opinion

**BAKER, J.** — Bonnie Czeck Hayes (wife) appeals from a decree
entered in the Circuit Court of York County (trial court) on May
1, 1985, dismissing her motion for an award of support from John
G. Hayes, (husband). The trial court held that the provisions of
Code § 8.01-322 constituted a time-bar to wife's claim for support
because the claim was filed more than two years subsequent to the
entry of a final decree of divorce between the parties.

On February 21, 1974, husband filed a bill of complaint in the
trial court seeking a divorce from wife on the ground that the par-
ties had lived separate and apart for more than two years and no
reconciliation appeared probable. The bill alleged that wife was
not a resident of Virginia at the time the bill was filed. It stated
her place of residence as Heidelberg 69, Postfach 704, Germany.

After filing the bill, husband also filed an affidavit which as-
serted that wife was a resident of Germany whose last known ad-
dress was that set forth in the bill of complaint. Wife was served

by publication.[1] The record does not disclose how wife obtained knowledge of the suit; however, the stipulated facts reveal that pursuant to "the written request of defendant," the trial court, on April 23, 1974, entered an order staying the case until June 1, 1974. The order read, in part: "Personal appearance is not required." During oral argument in this court, counsel for husband conceded that wife did not make a personal appearance in the trial court. On April 15, 1974, depositions in support of the bill of complaint were taken, without notice to wife, in the City of Newport News, Virginia, and in the City of Vaihingen, Germany. The depositions were filed in the clerk's office of the trial court on April 16, 1974 and April 23, 1974, respectively. The record does not disclose whether the latter deposition was filed before or after the April 23, 1974 order staying further proceedings.

Although the trial court's order of April 23, 1974 stayed the proceedings until June 1, 1974, a final decree of divorce was entered without notice to wife by the trial court on May 21, 1974. Neither the divorce decree[2] nor the agreed facts explain the reason for the entry of the order ten days prior to June 1, 1974.[3]

On June 13, 1984, the trial court entered an order granting wife's motion to reinstate the matter on the court's docket. Pursuant to notice by wife, a hearing was held on wife's claim that when granting the divorce the trial court did not have jurisdiction to rule on matters involving spousal support and, therefore, wife's right to seek such support under Code § 20-107.1 survived the divorce decree. The trial court held that wife's request for support was time-barred by the provisions of Code § 8.01-322 and its predecessor sections. A decree documenting that ruling was entered on May 1, 1985.

Code § 8.01-322 reads as follows:

---

[1] Code § 8.01-328.1(9) had not been enacted at the time this suit was filed and service by publication made.

[2] The decree specifically stated: ". . .the defendant having failed to appear or file an answer."

[3] The file contains some letters which may afford an explanation but they were not marked as exhibits nor were they referred to in the written stipulation of facts. They may not be considered on this appeal. *See Minton v. First National Exchange Bank of Virginia*, 206 Va. 589, 593-94, 145 S.E.2d 139, 142-43 (1965).

If a party against whom service by publication is had under this chapter did not appear before the date of judgment against him, then such party or his representative may petition to have the case reheard, may plead or answer, and may have any injustice in the proceeding corrected within the following time and not after:

1. Within two years after the rendition of such judgment, decree or order; but

2. If the party has been served with a copy of such judgment, decree, or order more than a year before the end of such two-year period, then within one year of such service.

For the purpose of subdivision 2 of this section, service may be made in any manner provided in this chapter except by order of publication, but including personal or substituted service on the party to be served, and personal service out of the Commonwealth by any person of eighteen years or older and who is not a party or otherwise interested in the subject matter in controversy.

Wife was not served with a copy of the May 21, 1974 decree of divorce.

The Supreme Court has held that a person proceeded against by order of publication is a party not served with process within the meaning of the Code of Virginia. *See Mitchell v. Mitchell,* 227 Va. 31, 36, 314 S.E.2d 45, 47-48 (1984); *Robertson v. Stone,* 199 Va. 41, 45, 97 S.E.2d 739, 743 (1957). Thus, where service by publication is the method by which personal jurisdiction is sought to be obtained in a divorce proceeding, a jurisdictional question inevitably arises. *See Newport v. Newport,* 219 Va. 48, 245 S.E.2d 134 (1978). In *Newport,* husband, a resident of Nevada, obtained a Nevada divorce from wife, a Virginia resident, who thereafter instituted a support action against him in Virginia. As in the case before us, wife was served by publication and did not appear in person or by counsel. The only relief granted husband in the Nevada divorce was a decree dissolving the bonds of matrimony between the parties. Husband pled the Nevada divorce in bar to the proceeding in Virginia. In rejecting that plea, the Supreme Court applied the divisible divorce doctrine, gave full faith and credit to the Nevada decree insofar as it terminated the

marital status of the parties, but held that the Nevada court was without power to adjudicate the question of alimony. *Id.* at 54-55, 245 S.E.2d at 138-39.

> In summary, the duty of a husband to support his wife is a moral as well as a legal obligation; it is a marital duty, in the performance of which the public as well as the parties are interested; it is a duty which is an incident to the marriage state and arises from the relation of the marriage; and it is an inherent right which may be asserted in a divorce suit or in an independent suit therefor.
>
> The right of a wife to support is of such importance to the community, as well as to the parties, that it survives an absolute divorce obtained by her husband in an *ex parte* proceeding in another state.

*Id.* at 56, 245 S.E.2d at 139 (citations omitted).

In reaching this conclusion, the Supreme Court relied in substantial part on *Vanderbilt v. Vanderbilt*, 354 U.S. 416 (1957). In that case, the parties separated while living in California. Wife subsequently moved to New York and became a legal resident of that state. Thereafter, husband sued for divorce in Nevada, obtaining service by publication. Wife did not appear in person or by counsel. The Nevada divorce decree provided that both husband and wife were "freed and released from the bonds of matrimony and all duties and obligations thereof." Wife brought an action for support against husband in New York where husband owned property. In defense thereof, husband contended that New York was required to give full faith and credit[4] to the Nevada decree. Justice Black, writing for the majority, said:

> In *Estin v. Estin*, 334 U.S. 541 . . . this Court decided that a Nevada divorce court, which had no personal jurisdiction over the wife, had no power to terminate a husband's obligation to provide her support as required in a pre-existing New York separation decree. The factor which distinguishes the

---

[4]  *U.S. Const.* art. IV, § 1. "Full Faith and Credit shall begiven in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

present case from *Estin* is that here the wife's right to support had not been reduced to judgment prior to the husband's *ex parte* divorce. In our opinion this difference is not material on the question before us. Since the wife was not subject to its jurisdiction, the Nevada divorce court had no power to extinguish any right which she had under the law of New York to financial support from her husband. It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition.

*Id.* at 418-19 (footnotes omitted).

If Virginia is substituted for Nevada, and Germany for Virginia, the material facts in *Newport* and our case cannot be distinguished. The trial court had no power to extinguish wife's right under Virginia law to financial support from husband. That right survived the divorce decree.

Husband, citing Rule 1:1, argues that even if wife's claim for support survives the divorce decree, the survival is for a period of twenty-one days, and no longer. We disagree. Rule 1:1 bars only further litigation of issues over which the court had power to adjudicate; in this case, the trial court had no jurisdiction to determine support issues.

 The final question presented is: when the only service upon wife was by publication, and she neither appeared in person nor by counsel, and the court entered a decree dissolving the bonds of matrimony by reason of the separation of the parties for more than two consecutive years immediately preceding the institution of the suit for divorce by husband, does Code § 8.01-322 bar wife's statutory right[5] to an award of support against husband when the request was made more than two years after the final

---

[5] *See* Code § 20-107.1.

decree of divorce was entered? We hold that it does not.

■ Code § 8.01-322 provides that a person proceeded against by order of publication may petition to have the *case reheard*. The only *case* that may be reheard is the one over which the trial court had jurisdiction. As previously shown, that *case* was limited to the issue whether husband had the right to obtain a divorce pursuant to the two year separation statute. There was no other judgment or "case" to be "reheard."

■ Without obtaining personal service on wife, husband obtained a divorce pursuant to the provisions of Code § 20-91(9). Nothing contained in that section relieved him of his obligation, upon a proper showing of need, to support his wife. *See Mason v. Mason*, 209 Va. 528, 531, 165 S.E.2d 392, 394 (1969); *see also* Code § 20-91(9)(c). The divorce decree was silent as to spousal support. Moreover, lacking personal jurisdiction, the trial court had no power in the divorce proceeding to resolve spousal support issues. Code § 20-107.1 gives wife a personal claim which may not be denied without due process. "It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Vanderbilt*, 354 U.S. at 418.

We hold that husband's legal obligation was not extinguished or limited by the trial court's decree of divorce nor the provisions of Code § 8.01-322.

Accordingly, the judgment of the trial court is reversed and this cause remanded for such further proceedings as may be warranted by the pleadings not inconsistent with this opinion.

*Reversed and remanded.*

Hodges, J., and Moon, J., concurred.