**Alexandria**

THOMAS W. MORRIS

v.

AMY F. MORRIS

No. 1506-85

Decided August 4, 1987

**Counsel**

Samuel S. Jackson, Jr., (Sheehan & Jackson, Ltd., on brief), for appellant.

Howard M. Bushman, for appellee.

**Opinion**

**DUFF, J.** — Thomas W. Morris appeals from a final decree awarding Amy F. Morris a no-fault divorce and ordering him to pay spousal support pursuant to a provision of a property settlement agreement. He also appeals from a judgment entered in the same cause finding him in arrears in spousal support in the amount of $14,315.69 and from a payment order entered on a garnishment summons styled *Morris v. Morris v. United States of America*. Mr. Morris seeks reversal on the following grounds: (1) because service upon him, a nonresident, was by publication, the trial court lacked *in personam* jurisdiction to order him to pay

spousal support; (2) because the court lacked *in personam* jurisdiction, the judgment for arrearages in spousal support and the subsequent order of payment issued on the garnishment summons are void; and (3) because the wife's affidavit supporting the order of publication was fraudulent and effectively denied his due process rights, the trial court erroneously awarded a divorce. We find that the trial court did not have *in personam* jurisdiction and reverse the part of the divorce decree ordering spousal support and the judgment for support arrearages. Further, we find that the court had *in rem* jurisdiction and affirm the trial court's award of divorce.

I.

On July 13, 1984, the wife filed a bill of complaint in circuit court, seeking a divorce on the ground that the parties had lived separate and apart for more than six months. Her bill alleged that the two children born of the marriage were emancipated and that the husband was a nonresident of Virginia. She also requested that a January 5, 1980, property settlement agreement executed in Virginia be affirmed, ratified and incorporated by the trial court in its final decree.

The wife sought service by an order of publication and filed an affidavit stating that the husband's last known address was Rural Route 2, Creek Ridge 23, Beach [sic] Mountain, Banner Elk, North Carolina, 28604. The record discloses that a copy of the order was mailed to the husband at this address but was returned marked undeliverable. The husband did not appear in person or by counsel.

Based upon the report of a commissioner in chancery that the jurisdictional requirements had been met and that the parties had lived separate and apart without interruption for a period in excess of one year, the trial court entered a final decree of divorce on October 22, 1984. The decree incorporated all of the provisions of the property settlement agreement pursuant to Code § 20-109.1. The sixth clause of the agreement provided that the husband would pay spousal support, subject to increase whenever his military retirement pension was raised.

On January 17, 1985, the wife filed a motion for spousal support arrearages. The record contains the certified mail receipt

bearing the husband's signature and a January 28, 1985, delivery date. After an *ex parte* hearing on the motion, the trial court entered a judgment against the husband for $14,315.69 in arrearages. Following the issuance of a garnishment summons and payment order against the pension, the husband made a special appearance requesting that the summons be quashed and that the final divorce decree and payment order be vacated. The trial court held that although service was by publication, the decree providing for spousal support was valid. This holding was based on the terms of the property settlement agreement that were incorporated by the court pursuant to Code § 20-109.1. The court found that the language in the twentieth clause, allowing "any court of competent jurisdiction" to incorporate the agreement, gave the court jurisdiction to enforce all terms of the agreement, including the payment of spousal support set forth in the sixth clause. We disagree.

 Code § 8.01-328.1(A)(8)(i) provides that a court may exercise personal jurisdiction over a nonresident who has "executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth." However, this statute requires that service on the nonresident party be made by a law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located. In the present case, the wife proceeded by an order of publication, but did not personally serve the husband with process. *See Mitchell v. Mitchell*, 227 Va. 31, 36, 314 S.E.2d 45, 47-48 (1984); *Robertson v. Stone*, 199 Va. 41, 45, 97 S.E.2d 739, 743 (1957); *Hayes v. Hayes*, 3 Va. App. 499, 502, 351 S.E.2d 590, 591 (1987). Accordingly, the trial court did not obtain personal jurisdiction over the husband and could not direct him to pay spousal support. *See Hayes*, 3 Va. App. at 505, 351 S.E.2d at 593.

Mrs. Morris, as did the trial court, relies on Code § 20-109.1 in support of the argument that *in personam* jurisdiction was obtained by the issuance of the order of publication. That section provides:

Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board,

any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein. If such agreement provides for the maintenance of either of such parties, upon the remarriage of such party the court shall order that such maintenance shall cease as of the date of such marriage, and upon the death of such party the court shall order that no payment shall be made to the estate of such decedent on account of such provision, unless such agreement otherwise specifically provides in the event of remarriage or death. In any case where jurisdiction is obtained over a nonresident defendant by order of publication or by acceptance of service pursuant to Code § 20-99.1, any properly acknowledged and otherwise valid agreement entered into between the parties may be affirmed, ratified and incorporated as provided in this section.

■■■ We find that the effect of service on a nonresident by an order of publication pursuant to the last sentence of § 20-109.1 is to provide the court with *in rem* jurisdiction. In order for a court to obtain *in personam* jurisdiction and the respective ability to enforce personal monetary obligations, the nonresident must be personally served "by a law enforcement officer or other official authorized to serve process." Code § 8.01-328.1(A)(8)(i). Although this interpretation may result in the anomalous situation where support obligations become part of a decree, but remain unenforceable, we find that such an interpretation is necessary to prevent a conflict with Code § 8.01-328.1(A)(8)(i). Where possible, a statute should be construed with a view toward harmonizing it with other statutes. *Blue v. Virginia State Bar ex rel. First District Committee*, 222 Va. 357, 359, 282 S.E.2d 6, 8 (1981). Further, where a statute may be subject to two interpretations,

the court will adopt the interpretation that will harmonize the statute with the fundamental law, especially where no violence is done to the language of the statute and such interpretation satisfies its terms. *Hannabass v. Ryan,* 164 Va. 519, 526, 180 S.E. 416, 418 (1935).

Our interpretation of the effect of an order of publication in Code § 20-109.1 is consistent with the statute's reference to service obtained pursuant to Code § 20-99.1[1].

Code § 20-99.1 modified the rule that service of process could not be waived in divorce actions. However, it did not change the well-established principle that a proceeding initiated by an order of publication is one that confers *in rem* jurisdiction. *Cranford v. Hubbard,* 208 Va. 689, 690, 160 S.E.2d 760, 761 (1968).

This position is reinforced by reference to Code § 8.01-320,[2] which provides that when personal service is obtained on a nonres-

---

[1] Code § 20-99.1 was amended in 1987. At the time of these proceedings, that section provided in pertinent part: A. A defendant in such suits may accept service of process by signing the proof of service before any officer authorized to administer oaths, which proof of service shall when filed with the papers in the suit, have the same effect as if it had been served upon the defendant by a person authorized to serve process. In addition service of process may be accepted or waived by a defendant or by a plaintiff, upon voluntary execution of a notarized writing specifying an intent to accept or waive any particular process. Such writing may be provided in the clerk's office of any circuit court and may be signed by such party to the proceedings before any clerk or deputy clerk of any circuit court, under oath, and shall, when filed with the papers in the suit, have the same effect as if the process specified had been personally served upon the defendant by a person authorized to serve process, and shall authorize the court to enter any order or decree without further notice. B. *When service is accepted pursuant to this section by a nonresident person out of the Commonwealth, such service shall have the same effect as an order of publication duly executed.* (emphasis added).

[2] At the time of these proceedings, Code § 8.01-320 provided as follows: A. Except as provided in §8.01-328.1 A 9, personal service of a process on a nonresident person outside the Commonwealth may be made by: (i) any sheriff or person holding an equivalent office; or (ii) any person eighteen years of age or older who is not a party or otherwise interested in the subject matter of the controversy and notwithstanding any other provision of law to the contrary, such person need not be authorized by the circuit court to serve process which commences divorce or annulment actions. Such service or service in accordance with the provisions of subdivision 2 a of § 8.01-296 shall have the same effect, and no other, as an order of publication duly executed, or the publication of a copy of process under this chapter, as the case may be; however, depositions may be taken at any time after twenty-one days' notice of the taking of the depositions has been personally served. The person so served shall be in default upon his failure to file a pleading in response to original process within twenty-one days after such service. If no responsive plead-

ident outside the Commonwealth, it is equivalent to an order of publication. In interpreting this section, the Virginia Supreme Court held that the "effect of the personal service was to give the trial court no more and no less jurisdiction in the litigation than would have arisen from an order of publication duly posted and published." *Mitchell v. Mitchell*, 227 Va. 31, 36-37, 314 S.E.2d 45, 48 (1984) (citing *Cranford v. Hubbard*, 208 Va. 689, 160 S.E.2d 760 (1968)). In *Cranford* the nonresident defendant was served by an order of publication and the court found that the only relief that could be provided was of an *in rem* nature. 208 Va. at 691, 160 S.E.2d at 762.

Based upon a review of various sections of the Virginia code, we find that although a court may affirm, ratify and incorporate a property settlement agreement into its final decree, it may only *enforce* personal obligations contained therein when personal jurisdiction has been obtained over the party obligated to perform. This position is in accordance with our decision in *Hayes*, where we held that a court lacking personal jurisdiction, had no authority to resolve spousal support issues.

Accordingly, we find that under the facts presented in this case, the trial court did not have *in personam* jurisdiction and, therefore, the portion of the decree providing for payment of support and support arrearages is void and must be vacated.

## II.

Having concluded that the order for payment of support was void, it follows that the garnishment summons and its order of payment were likewise void and should have been quashed by the trial court upon motion by the husband.

ing is filled within the time allowed by law, the case may proceed without service of any additonal pleadings, including the notice of the taking of depositions.

Any person served pursuant to the provisions of this section prior to January 1, 1970, (when under prior law affidavit required stating time and place of service and that the person was a nonresident) shall be deemed to have been a nonresident of the Commonwealth even though the return fails to state that the person so served was a nonresident of the Commonwealth.

B. Any personal service of process outside of this Commonwealth executed in such manner as is provided for in this section prior or subsequent to October 1, 1977, in a divorce or annulment action is hereby validated.

## III.

Of final concern is Mr. Morris' contention that the trial court erroneously awarded a divorce because the wife's affidavit in support of the order of publication was allegedly fraudulent and denied his due process rights. He argues that the wife knew he was not living in North Carolina, and that she had corresponded with his attorney in Montgomery, Alabama, who advised her that Mr. Morris was seeking an Alabama divorce. He further argues that the wife knew that he maintained a post office box in Vienna, Virginia, which was listed on his support checks and as a return address on his envelopes.

The record supports the conclusion that the wife in fact did not know where Mr. Morris lived. Support check envelopes carrying the Vienna, Virginia post office box address were mailed from various locations throughout the United States. The home in North Carolina was jointly owned by the parties prior to the execution of the property agreement of January 5, 1979. That agreement gave Mr. Morris exclusive use and occupancy of the property.

Based on this evidence, we hold that the chancellor was not plainly wrong in finding that the order of publication was valid and that the court had jurisdiction to award Mrs. Morris the divorce.

Accordingly, the final divorce decree is affirmed in part and reversed in part, and the payment order and garnishment summons are vacated.

*Affirmed in part,*
*reversed in part,*
*and vacated.*

Keenan, J., and Moon, J., concurred.