**John M. WHEELER, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL
SERVICE, Defendant.**

**Civ. No. 87–0552.**

United States District Court,
M.D. Pennsylvania.

Sept. 8, 1987.

Penny Pilzer, O'Donnell, Schwartz & Anderson, Washington, D.C., Deborah Willig, Kirschner, Walters, Willig, Weinberg & Dempsey, Philadelphia, Pa., for plaintiffs.

Frederick E. Martin, Asst. U.S. Atty., Lewisburg, Pa., Mary Anne Gibbons, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

The plaintiffs filed this action on April 15, 1987 pursuant to the Fair Labor Standards Act ["FLSA"], 29 U.S.C. §§ 201, *et seq.* The plaintiffs, all employees of the defendant United States Postal Service, claim that the defendant has failed to pay them overtime wages in accordance with the FLSA.[1] On July 20, 1987 the defendant filed a motion for a more definite statement of claims pursuant to Fed.R.Civ.P. 12(e). Since the defendant's motion has been briefed by the parties, it is ripe for disposition.

In its motion, the defendant states that the plaintiffs have failed to allege any facts in support of the claims in their complaint. Specifically, the defendant contends that the complaint lacks the time period for which the plaintiffs are seeking relief under the FLSA. The defendant also contends that the plaintiffs did not specify when their schedule changes giving rise to their FLSA claims occurred and whether the scheduling changes were temporary or permanent. Further, the defendant be-

---

1. This action is also brought on behalf of similarly situated postal employees.

lieves another deficiency of the complaint is that it fails to identify any postal practice or procedure which results in the under-compensation of postal service employees. The defendant believes that the plaintiffs should remedy the deficiencies in their complaint by providing the exact time period covered by their claims and the exact facts giving rise to their FLSA cause of action.

The plaintiffs argue that they do not have to state the exact date or provide precise details concerning their alleged FLSA violations. They contend that their complaint is sufficient to put the defendant on notice of the claims made against it and to permit the defendant to file a responsive pleading. The plaintiffs also maintain that they have informed the defendant that they were denied overtime and that the information as to the dates and the specific amounts due are within the defendant's own knowledge through its payroll records. Furthermore, the plaintiffs state that the defendant has been aware of their complaints through the grievance procedure since October of 1986. Finally, the plaintiffs argue that if the defendant wants additional information, it can obtain that information through discovery.

Fed.R.Civ.P. 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Moreover, under Rule 8 detailed, precise and lengthy pleading is not required. Rather, the liberal pleading policy of the Federal Rules of Civil Procedure only requires notice pleading. Rule 12(e) permits a defendant to move for a more definite statement if the complaint is so vague or ambiguous that he cannot reasonably be required to frame a responsive pleading.

We have reviewed the plaintiffs' complaint and in light of the standard set forth in Rule 12(e), we believe that the complaint is sufficient to require the defendant to respond. The complaint specifically identifies the sections of the FLSA that the defendant allegedly violated. The complaint also describes the nature of the violations. Further, the general time period in which the alleged violations occurred is specified in the complaint.[2] Additionally, the complaint notifies the defendant of the relief that plaintiffs seek.

A motion for a more definite statement is not a substitute for the discovery process. Moreover, motions for more definite statements are not favored and the granting of such motions is within the sound discretion of the court. *Wilson v. United States,* 585 F.Supp. 202, 205 (M.D.Pa.1984); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 406 (E.D.Pa.1981). The specific information which the defendant seeks in this case, namely dates of violations, can be obtained through discovery. We also believe that the information sought by the defendant concerning the extent and nature of the plaintiffs' FLSA claims is within the defendant's knowledge. *See Barrett v. National Malleable and Steel Castings Co.,* 68 F.Supp. 410 (W.D.Pa.1946). Therefore, since we find that the defendant's motion for a more definite statement is not warranted, we will deny the motion. The defendant will be directed to file an answer.

The plaintiffs have requested that the fees and costs they incurred by responding to the defendant's motion be imposed on the defendant. We shall deny the plaintiffs' request and each party shall bear their own costs.

NOW this 8th day of September, 1987, IT IS HEREBY ORDERED THAT:

[1] defendant's motion for a more definite statement is denied;

[2] plaintiffs' request for fees and costs incurred in responding to the defendant's motion is denied; and

[3] the defendant is directed to answer the complaint within sixty [60] days of the date of this Order.

2. *See* ¶ 3 of the complaint, Doc. 1.