Ireland "Jimmy"
FREDERICK, Plaintiff,

v.

Joseph KOZIOL, Chief of Police, City of Portsmouth, Sued in his individual and official capacities,

A. A. Thereault, Deputy Chief of Police, City of Portsmouth, Sued in his individual and official capacities,

Donald Hundley, Lieutenant, Police Department, City of Portsmouth, Sued in his individual and official capacities,

"Eddie" Tapman, Policeman, Police Department, City of Portsmouth, Sued in his individual and official capacities,

"Bill" Dorson,

Thomas C. Cimonetti,

and

First Hospital Corporation, a Virginia corporation, Defendants.

Civ. A. No. 89–594–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 9, 1990.

William H. Hurd, Richmond, Va. and Gary C. Byler, Virginia Beach, Va., for plaintiff.

John A. Heilig and Carolyn P. Oast, Heilig, McKenry, Fraim & Lollar, Norfolk, Va., for defendants, Eddie Tapman, Bill Dorson, and First Hosp. Corp.

Stuart E. Katz, City Atty. and George M. Willson, Deputy City Atty. Portsmouth, Va., for defendants, Joseph Koziol, A.A. Thereault, and Donald Hundley.

E. Bradford Stillman, McGuire, Woods, Battle & Boothe, Norfolk, Va., for defendant, Thomas C. Cimonetti.

## OPINION AND ORDER

SMITH, District Judge.

Plaintiff brings the present action under 42 U.S.C. § 1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants are First Hospital Corporation, which operates Portsmouth Psychiatric Hospital, and employees of First Hospital and/or the Police Department of the City of Portsmouth, Virginia. Plaintiff alleges that defendants deprived him of liberty without due process and subjected him to unreasonable search and seizure when he was arrested, transported, and detained against his will at the Portsmouth Psychiatric Clinic. Specifically, he asserts that

* he was arrested and compelled under threat of physical coercion by one or more police officers to proceed to Portsmouth Psychiatric Center, where he was placed in the custody of defendants Hundley, Tapman, Dorson, Cimonetti, and/or First Hospital (Complaint ¶ 12),
* defendants Hundley, Tapman, Dorson, Cimonetti, and/or First Hospital deprived him of his liberty, detained and imprisoned him against his will (¶ 13),
* defendants Hundley, Tapman, Cimonetti, and/or First Hospital caused him to be stripped and searched in both his body and clothing (¶ 14),
* the aforesaid actions were carried out under direct orders from and/or with the knowledge and approval of defendant Koziol and/or defendant Thereault (¶ 15),
* the aforesaid actions were carried out at the instigation and request of and/or in concert, conspiracy, and/or collusion with defendant Koziol and/or defendant Thereault (¶ 16),
* said arrest, transportation, detention, imprisonment, and/or search were undertaken without any legal process issued by any magistrate or judge, nor was there probable cause to believe that plaintiff had committed any crime nor that he had upon his person any evidence of any crime (¶ 17),
* immediately following the aforesaid arrest, transportation, detention, and imprisonment, defendants Cimonetti and/or First Hospital conspired, colluded, and otherwise acted in concert with defendants Koziol and Thereault further to detain and imprison him by representing that he was a danger to himself and/or to others, as a result of which he was detained for a period of two days at the Portsmouth Psychiatric Clinic (¶¶ 25–26),
* the aforesaid arrest, transportation, detention, imprisonment, and/or search and all related acts were conducted under color of state law (¶ 18), and
* the aforesaid actions violated the Fourth, Fifth, and Fourteenth Amendments (¶¶ 19–21).

Complaint, *Frederick v. Koziol,* Civil Action No. 89–594–N (Aug. 16, 1989).

Defendants Tapman, Dorson, and First Hospital have filed a Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendants Koziol, Thereault, and Hundley filed a similar motion on October 23, 1989. Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim," and Rule 8(e)(1) notes that "[e]ach averment of a pleading shall be simple, concise, and direct." Due to this liberal notice-pleading standard and the availability of extensive discovery, the motion for more definite statement is not favored. *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal. 1981). Such a motion is not a substitute for the discovery process, and where the

information sought by the movant is available or properly sought through discovery, the motion should be denied. 525 F.Supp. at 949; *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D.Pa.1987). The motion for more definite statement is "designed to strike at unintelligibility rather than simple want of detail," and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis.1985); *see Wilson v. United States*, 585 F.Supp. 202, 205 (M.D.Pa.1984); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 406 (E.D.Pa.1981).

■ The court concludes after careful review of the complaint that it is not so vague and ambiguous that defendants cannot respond. As illustrated by the summary above, the complaint gives the defendants fair notice of the claims against them, and they will have ample opportunity to obtain additional information through discovery. Moreover, although plaintiff has made some of his allegations in the alternative, he is entitled to do so under Rule 8(e)(2). Because the complaint is sufficient to allow the defendants to respond, the motions for more definite statements are DENIED.

Defendant Thomas C. Cimonetti has filed a Motion to Dismiss for Lack of Jurisdiction Over the Person. Cimonetti is a resident of the State of Oklahoma, and the summons was delivered to his residence and left with his wife by the Tulsa County Sheriff's Office. Cimonetti asserts that he was not served in accordance with the requirements of the Virginia long-arm statute, as provided at § 8.01–329(A1), in that no affidavit was filed with the United States District Court for the Eastern District of Virginia, Norfolk Division, certifying that defendant is a non-resident and seeking service on the Secretary of the Commonwealth of Virginia.[1]

The Virginia long-arm statute, contained in Chapter 9 of Title 8.01 of the Code of Virginia, consists of three provisions: Section 8.01–328. Person defined.; Section 8.01–328.1. When personal jurisdiction over person may be exercised.; and Section 8.01–329. Service of process or notice; service on Secretary of Commonwealth. Section 8.01–328.1 provides that:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

. . . .

3. Causing tortious injury by an act or omission in this Commonwealth; . . . .

Cimonetti does not contest the existence of personal jurisdiction pursuant to the long-arm statute, rather he challenges the sufficiency of service of process under Section 8.01–329(A) of the statute.

Section 8.01–329(A) of the Virginia Code (emphasis added) provides for service of process when jurisdiction is conferred by the long-arm statute. The section states that:

*When the exercise of personal jurisdiction is authorized by this chapter, service of process or notice may be made in the same manner as is provided for in Chapter 8 (§ 8.01–285 et seq.) of this title in any other case in which personal jurisdiction is exercised over such a party, or process or notice may be served on any agent of such person in the county or city of this Commonwealth in which that agent resides or on the Secretary of the Commonwealth of Virginia, hereinafter referred to in this section as the "Secretary," who, for this purpose, shall be deemed to be the statutory agent of such person.*

■ Thus, Section 8.01–329(A) provides for three modes of service—service in the manner of the provisions of Chapter 8, service on an agent within the Commonwealth, and service on the Secretary of the Commonwealth. Therefore, plaintiff was not required to serve the Secretary as the

---

**1.** Rule 4(e) of the Federal Rules of Civil Procedure provides that when service is sought on a party not an inhabitant of or found within the state in which the district court is held, service may be made in the manner prescribed by the statute of that state.

statutory agent of defendant Cimonetti. Rather, since personal jurisdiction was authorized by the long-arm statute, plaintiff was entitled to serve Cimonetti in the manner provided for in Chapter 8. In particular, Section 8.01–296 sets forth the manner of serving process upon natural persons, with subsection (2)(a) stating as follows:

§ 8.01–296. Manner of serving process upon natural persons.—Process, for which no particular mode of service is prescribed, may be served upon natural persons as follows:

. . . .

2. By substituted service in the following manner:

a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of sixteen years or older;

. . . .

Service by leaving a copy of the summons with Cimonetti's wife at his Oklahoma residence was in compliance with this section.[2]

In conclusion, personal jurisdiction was authorized by the Virginia long-arm statute, Section 8.01–328.1. Cimonetti was served in the manner provided for in Chapter 8 of the Virginia Code, namely under § 8.01–296(2)(a). Therefore, service of process was proper under Section 8.01–329(A) of the Virginia long-arm statute, and Cimonetti's Motion to Dismiss for Lack of Jurisdiction Over the Person is DENIED.

---

**2.** While Section 8.01–320(A) limits the effect of service of process on a nonresident outside of Virginia, this section *does not pertain to the manner of service or eliminate jurisdiction once conferred.* Section 8.01–320(A) states that personal service on a nonresident outside the Commonwealth or service in accordance with Section 8.01–296(2)(a) shall have the same effect, and no other, as an order of publication. As an order of publication confers only *in rem* jurisdiction, *see Morris v. Morris,* 4 Va.App. 539, 543–44, 359 S.E.2d 104, 107 (1987), application of Section 8.01–320(A) to Section 8.01–329(A) would destroy the personal jurisdiction conferred by the long-arm statute in Section 8.01–328.1. Section 8.01–329(A) and Section 8.01–328.1 are companion provisions of the Virginia long-arm statute, which is set forth in three sections of Chapter 9 of Title 8.01, *see supra* at 4–5, with one provision conferring jurisdiction and the other mandating methods for service of process. It would be an anomalous result to apply Section 8.01–320 to limit service of process under Section 8.01–329, thereby cancelling the personal jurisdiction already conferred by Section 8.01–328.1, an equal, companion provision of the Virginia long-arm statute.

Moreover, application of Section 8.01–320(A) to Section 8.01–329(A) would mean that service on the Secretary of the Commonwealth, who need only mail a copy to the person to be served at his last known address, would sustain personal jurisdiction, whereas personal service or substituted service designed to provide actual notice would support only *in rem* jurisdiction.

These anomalous results indicate that the limitations of Section 8.01–320(A) do not apply to service of process pursuant to Section 8.01–329(A). The court is strengthened in this conclusion by several other factors. First, Section 8.01–329(A) (emphasis added) allows service "in the same *manner* as is provided for in Chapter 8." Section 8.01–296 of Chapter 8 is then specifically titled, "Manner of serving process upon natural persons." This provision is the only one in Chapter 8 setting forth the *manner* of serving process. Thus, although Section 8.01–329(A) incorporates the manner of service established in Chapter 8, it makes no reference to the effects of or limitations on service of process provided in Chapter 8.

Moreover, the long-arm statute conferring personal jurisdiction provides that "[j]urisdiction in subdivisions 8(i), 8(ii) and 9 of this subsection [concerning spousal and child support and divorce] is valid *only* upon proof of service of process pursuant to § 8.01–296 on the nonresident party by a party authorized under the provisions of § 8.01–320." Va.Code § 8.01–328.1(A)(9) (1989 Cum.Supp.) (emphasis added). This section continues that "[j]urisdiction under subdivision 8(iii) of this subsection [concerning proof of maternity or paternity] is valid *only* upon proof of personal service on a nonresident pursuant to § 8.01–320." *Id.* (emphasis added). Thus, rather than destroying the personal jurisdiction conferred by the long-arm statute, service in accordance with Section 8.01–320 is a prerequisite to the exercise of that personal jurisdiction in certain circumstances. The court, therefore, concludes that the limitations on the effect of service of process imposed by Section 8.01–320(A) do not apply to service in the manner of Chapter 8, pursuant to Section 8.01–329(A) of the Virginia long-arm statute.