## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Mark A. Andrews

June 17, 1996

Case No. (Law) 10284

BY JUDGE THOMAS D. HORNE

This case is before the Court on the stipulation and Motion to Dismiss filed by the defendant. The defendant is charged with having operated his vehicle on the Dulles Greenway in violation of the posted speed limit. He asserts that the Greenway, a private toll road operated pursuant to the Virginia Highway Corporation Act of 1988, §§ 56-535 et seq. of Chapter 20 of Title 56, Code of Virginia, is not a "highway" as defined in § 46.2-100, Code of Virginia, as the Board of Supervisors of Loudoun County has not adopted an ordinance designating the Greenway a highway as is required by that section. It is argued that, absent such a designation, the instant prosecution under § 46.2-870, Code of Virginia, must fail.

Pursuant to the provisions of § 56-550 of the Code of Virginia, it is provided, *inter alia*, that:

> B. [t]he traffic and motor vehicle laws of the Commonwealth shall apply to persons and motor vehicles on the roadway or highway . . . and the powers of arrest of police officers shall be the same as those applying to conduct on the state highway system.

Thus, the General Assembly has expressly provided that persons driving, as well as vehicles being operated upon, the Dulles Greenway are subject to the traffic and motor vehicle laws of the Commonwealth. The application of such laws is not qualified by the approval of a local governing body.

The provisions of § 56-550 and of Title 46.2 should be read *in pari materia. Prillaman v. Commonwealth*, 199 Va. 401 (1957). Statutes which are *in pari materia* should be read and construed together with a view towards harmonizing and giving effect to all the provisions of each. *Morris v. Morris*, 4 Va. App. 539, 543, 544 (1987).

The legislature clearly intended that those provisions of the traffic and motor vehicle laws applicable to the Greenway might be enforced. To the extent that the definitional provisions of Title 46.2 conflict with those of Title 45, the express provisions of relating to the operation of motor vehicles on the Greenway would control. Furthermore, were the court to accept the argument of the defendant, it must reach the absurd conclusion that the control of the Commonwealth over such projects as the Greenway could be diluted or impeded by a local governing body through their failure to designate such project a highway. Who but the most daring would attempt to drive on such a lawless road? The Virginia Highway Corporation Act, except with respect to regulations adopted with the express consent of the Virginia Department of Transportation, provides no independent enforcement vehicle as counsel for the defendant might suggest. See § 56-543(A), Code of Virginia.

Accordingly, the Motion to Dismiss will be denied. The case will be placed on the July misdemeanor appeals docket for final disposition.