## CIRCUIT COURT OF THE CITY OF SUFFOLK

Ervin Lorenzo Dumas

v.

Priscilla Hayes Dumas

July 17, 2002

Case No. (Chancery) 01-431

BY JUDGE D. ARTHUR KELSEY

This matter comes before the Court on the Complainant's request for a final divorce decree. After taking testimony by depositions, a Commissioner in Chancery filed a report stating that she "examined the Court file and determined that the parties are properly before this Court which has jurisdiction, proper service and notice having been obtained and given." For the following reasons, the Court remands this matter back to the Commissioner for further review.

I. Under Virginia practice, a Chancellor should review de novo any legal conclusion reached by a commissioner. See *Roberts v. Roberts*, 260 Va. 660, 667, 536 S.E.2d 714, 718 (2000). A commissioner's resolution of factual conflicts, however, ordinarily should be affirmed unless his findings are "not supported by the evidence." *Roberts*, 260 Va. at 667, 536 S.E.2d at 718 (quoting *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)); *Snyder Plaza Properties, Inc. v. Adams Outdoor Adver., Inc.*, 259 Va. 635, 641, 528 S.E.2d 452, 456 (2000); *Joynes v. Payne*, 36 Va. App. 401, 414, 551 S.E.2d 10, 16 (2001). That said, the trial court still "has the duty to make factual determinations." *Kaufman v. Kaufman*, 7 Va. App. 488, 501, 375 S.E.2d 374, 381 (1988). And the court "may not delegate that duty to the commissioner, but must affirm or reject the commissioner's report, in whole or in part, according

to the view the court entertains of the law and the evidence." *Id.*; see also Va. Code Ann. § 8.01-610 (Michie 2000)).

At issue in this case is the Commissioner's finding — most properly characterized as a conclusion of law — that "the parties are properly before this Court which has jurisdiction, proper service and notice having been obtained and given." The Court's jurisdiction over the Respondent depends on the efficacy of service of process. Pursuant to the Virginia Long Arm Statute, Va. Code Ann. § 8.01-328.1 (Michie Supp. 2002), the Complainant attempted to serve the Respondent by substituted service on the Secretary of the Commonwealth. "Where, as in this case, the defendant in a divorce suit is a nonresident, the complaint or other pleadings in the divorce suit must allege, at a minimum, a connection to Virginia that is recognized by Virginia's long-arm statute." *Price v. Price*, 17 Va. App. 105, 113, 435 S.E.2d 652, 657 (1993). "Furthermore, it is well established in Virginia that jurisdiction in divorce suits is purely statutory, and it cannot be acquired by the courts inferentially or through indirection." *Id.* (quoting *Stroop v. Stroop*, 10 Va. App. 611, 616, 394 S.E.2d 861, 864 (1990)).

The Bill of Complaint does not allege any connection between the Respondent and the Commonwealth that would satisfy any of the categories of minimum contacts recognized by the Long Arm Statute. Nor do the depositions taken before the Commissioner demonstrate the applicability of the Long Arm Statute. To the contrary, the parties were married in Georgia in 1986 and last cohabited as husband and wife in Guantanamo Bay, Cuba, in 1995. The Respondent resides in Florida. No allegations in the Bill of Complaint suggest that the Respondent executed any property settlement agreement in Virginia, has been the subject of any support order, or conceived a child within the Commonwealth. See Va. Code Ann. § 8.01-328.1(8); *see generally Virginia Family Law: A Systematic Approach*, ¶¶ 2.204 to 2.205 (1998 & Supp. 2001).

Though the Complainant can obtain an in rem final divorce, *Morris v. Morris*, 4 Va. App. 539, 543-44, 359 S.E.2d 104, 106-07 (1987) (treating marriage as a res), he cannot do so through an invalid attempt at in personam service of process under the Long Arm Statute. Under Virginia practice, "a proceeding initiated by an order of publication is one that confers in rem jurisdiction." *Id.* (citing *Cranford v. Hubbard*, 208 Va. 689, 690, 160 S.E.2d 760, 761 (1968)). In other words, the Court's subject matter jurisdiction to issue a purely in rem decree (while unconcerned by the absence of in personam jurisdiction) still requires the Complainant to:

(1) follow the in rem procedure governing service by publication, *see* Va. Code Ann. §§ 8.01-296(3), 8.01-316 to 8.01-320, 20-104 (Michie 2000),[1] or

(2) obtain in-lieu-of-publication service available when an out-of-state respondent not subject to the Long Arm Statute has received personal service, *see* Va. Code Ann. § 8.01-320(A), or

(3) secure from the Respondent a valid waiver of service, *see* Va. Code Ann. § 20-99.9:1(B) (Michie 2000).

Though the procedure may seem overly wrought, it is no small thing to get wrapped around this axle. A final order, purporting to rest on the authority of the Long Arm Statute, is "void" if the plaintiff did not satisfy the necessary statutory *in personam* requirements. *O'Connell v. Bean*, 263 Va. 176, 179, 556 S.E.2d 741, 742 (2002).

For these reasons, the Court directs the Commissioner to determine whether the Complainant seeks leave to amend the Bill of Complaint to allege facts implicating the Long Arm Statute. If so, the Commissioner (after service of the amended pleading) shall take additional evidence from the Complainant on the factual basis for these jurisdictional allegations. In the event the Complainant seeks only an *in rem* divorce, the Commissioner shall direct him to follow the applicable service of process statutes and to resubmit his proposed *a vinculo matrimonii* decree to the Commissioner once the matter has again matured for a final disposition.

---

[1] Virginia courts strictly construe the rules governing service by publication. *See Khanna v. Khanna*, 18 Va. App. 356, 358, 443 S.E.2d 924, 926 (1994); Margaret F. Brinig, *Virginia Domestic Relations Handbook*, § 2-15, at 246 (3d ed. 1996) (Under settled law, the *in rem* "provisions will be strictly construed and applied.").