**SPENCER et al.**

v.

**WOODY et al.**

**No. 6745.**

United States Court of Appeals
Fourth Circuit.

Argued April 5, 1954.

Decided April 30, 1954.

John B. Browder, Richmond, Va., for appellants.

Alfred M. Schwartz, Washington, D. C. (Alan G. Fleischer, Richmond, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Plaintiffs, Jessie Woody and Robert Woody, on April 4, 1952, instituted civil actions in the United States District Court for the Eastern District of Virginia against the defendants Tracy Spencer and Clarence Carpenter. In these actions damages were sought for injuries alleged to have been suffered in an automobile collision. Upon a jury verdict, a judgment in favor of Jessie Woody against defendants for $4,500 was entered, also a verdict and judgment in favor of Robert Woody for $250. Defendants have appealed. The only question before us is whether the District Court had jurisdiction.

Plaintiffs alleged that they were citizens of the District of Columbia and that defendants were citizens of the State of Virginia. Defendants admitted their citizenship in Virginia but denied that plaintiffs were, when suit was commenced, citizens of the District of Columbia and contended that plaintiffs were citizens of Virginia. The only basis for the jurisdiction of the District Court was diversity of citizenship.

5. See N. L. R. B. v. White Const. & Engineering Co., 5 Cir., 204 F.2d 950, 952, and cases cited.

The District Judge, with seeming reluctance, held that plaintiffs were citizens of the District of Columbia and sustained jurisdiction. Since we cannot hold that this finding is clearly erroneous, the judgment of the District Court must be affirmed.

The District Judge, in his opinion, stated:

"In this case the plaintiffs under oath have sworn that they consider Washington their residence. The circumstances tend to negate this testimony. Nevertheless it is the only positive testimony in the case and since it is not incredible the Court would not be justified in rejecting it."

For a number of years prior to the institution of suit, plaintiffs lived at the family home in Cullen, Virginia, where, it seems, their mother still lives. More than three years before the accident, they went to Washington where they secured work, Jessie Woody as a carpenter's helper and Robert Woody at a super-market, a fruit stand and a drug store. While in Washington they lived most of the time with their older brother, who occupied a rented apartment. Part of the time, Jessie Woody worked in Maryland, in areas adjacent to Washington.

Plaintiffs stated that they regarded Washington as their home and that, when absent from Washington they left clothes at the apartment of their brother there. They further stated that they remained in Washington whenever they could get work there, and that their visits to Cullen were temporary and made with the idea of returning to Washington. They testified, too, that during the period from February 7, 1952, when the accident occurred, to the date of trial, about fifteen months, they spent a total of six weeks, maybe two months, in Cullen, Virginia, and about a month or six weeks in Tennessee, and the remaining time in the District of Columbia, and that of the three years period prior to the trial, all of their time was spent in the District of Columbia except about four months.

Jessie Woody owned some automobiles and trucks which, with the exception of one which was registered in Maryland, were registered and licensed in Virginia. He also had a driver's permit issued in Virginia. In connection with these transactions, Jessie Woody designated Cullen, Virginia, as his residence. Plaintiffs, while at Cullen, engaged in various activities, principally cutting and hauling pulp wood. Both plaintiffs registered in Virginia under the Selective Training and Service Act.[1]

It is, of course, true, as appellants contend, that where the surrounding facts and circumstances clearly indicate otherwise, an individual cannot establish a domicile in a particular State merely by declaring that he regards this State as his domicile. Texas v. Florida, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817; Shelton v. Tiffin, 6 How. 163, 47 U.S. 163, 12 L.Ed. 387; Feehan v. Tax Commissioner, 237 Mass. 169, 129 N.E. 292; Lyons v. Egan, 110 Colo. 227, 132 P.2d 794. That, however, is not the situation before us.

On all the record, we cannot say that the District Judge was clearly erroneous in holding that when plaintiffs moved to Washington from Virginia, they intended to remain there indefinitely and thus acquired a domicile in the District of Columbia which they retained at the time the instant civil action was instituted.

The judgment of the District Court is affirmed.

Affirmed.

1. 50 U.S.C.A.Appendix, § 451 et seq.