WAYNE E. MOCK

v.

BARBARA M. MOCK

No. 1866-89-4

Decided January 29, 1991

COUNSEL

Carl P. Horton, for appellant.

William F. Krebs (Stephenson, Kellogg, Krebs & Moran, on brief), for appellee.

OPINION

DUFF, J.—Wayne E. Mock appeals from a finding that the Circuit Court of Fairfax County, Virginia, had *in personam* jurisdiction over him for purposes of adjudicating an equitable distribution action filed by his wife. We affirm. A brief recital of the facts will illustrate the basis of our holding.

Wayne and Barbara Mock were married in 1970 in the state of Georgia. Soon thereafter the couple moved to Virginia. They remained in Virginia for two years and were then transferred to the states of Kentucky, Alabama, and Kansas, respectively, pursuant to Mr. Mock's military orders.

In 1977, the Mocks returned to Virginia, purchased a home in Fairfax, and resided there until 1980. From 1980 to 1984 the Mocks lived in Fort Lewis, Washington and also in Turkey, on military assignments. In 1984, while still in Turkey, the Mocks separated, and Mrs. Mock returned to Virginia and resumed residence in their home in Fairfax.

Mr. Mock moved to Nevada in 1985 and obtained an *ex parte* divorce. Barbara Mock was not personally served in Nevada and made no appearance in that action. Although holding that the Nevada decree was valid for the purpose of dissolving the marriage, the chancellor properly held that the Nevada decree did not deprive Barbara Mock of her rights under Virginia's equitable distribution laws.

The sole issue on appeal is, therefore, whether the trial court in the equitable distribution proceeding had personal jurisdiction over the husband, a non-resident of Virginia, pursuant to the terms of Code § 8.01-328.1.

Virginia Code § 8.01-328.1(A)(9) provides that the court may exercise personal jurisdiction over a person who has

maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein.

Husband claims that he does not fall within the reach of this statute. He relies first on the findings of the Nevada court in his *ex parte* divorce that he was a resident and domiciliary of Nevada at the time of the divorce. However, the finding by the Nevada court that Wayne E. Mock was a resident and domiciliary of Nevada at the time of the divorce was not binding on the Virginia court for purposes of determining whether it could exercise personal jurisdiction in a proceeding seeking the separate relief of equitable distribution. The Virginia court could, and did, find that he had "maintained within this Commonwealth a matrimonial domicile at the time of the separation of the parties."

■ Mr. Mock further alleges that Florida was his home of record prior to being domiciled in Nevada. However, "where the surrounding facts and circumstances clearly indicate otherwise, an individual cannot establish a domicile in a particular State merely by declaring that he regards this State as his domicile." *Spencer v. Woody*, 212 F.2d 668, 669 (4th Cir. 1954). The record shows that Mr. Mock had no significant contacts with Florida. He had been refused the right to vote and the privilege of obtaining a driver's license there because he was not a resident. He claimed Florida as his home of record for tax purposes only.

Wayne Mock's entire course of conduct must be considered in determining his domicile. *See Texas v. Florida*, 306 U.S. 398, 424-25 (1939). Mr. Mock's conduct discloses that he intended to make Virginia his permanent home. Specifically, he and his wife purchased a home in Virginia, which they rented out while they were away on temporary military assignments; he retained a Virginia driver's license for fourteen years, which included the time of the couple's separation; he registered the titles of some of his automobiles in Virginia; and when he received military service assignments in Turkey and in the state of Washington, he never attempted to make either of those places his permanent home.

Finally, the circuit court found that it had personal jurisdiction over Mr. Mock based in part upon a March 10, 1986 stipulation entered into by the parties in a partition suit that they were residents and domiciliaries of Virginia at all times prior to the divorce.

We find that the evidence supports the trial court's finding that the Mocks maintained a matrimonial domicile in Virginia at the time of their separation. Therefore, the trial court was correct in asserting personal jurisdiction over Mr. Mock, a non-resident, under Code § 8.01-328.1(A)(9).

The finding of the circuit court is

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.