## CIRCUIT COURT OF FAIRFAX COUNTY

Singh

v.

Gomar

March 15, 1994

Case No. (Chancery) 132917

BY JUDGE JANE MARUM ROUSH

This case comes before the Court on the motion of defendant, by special appearance, objecting to jurisdiction and venue. The Court heard oral argument and took the case under advisement. For the reasons set forth below, the motion is denied.

In this case, defendant asks this Court to halt an ongoing divorce proceeding. According to the pleadings, the parties were married in India in 1973, and last cohabited as husband and wife in Seattle, Washington, in the early part of 1989. There is no evidence that the defendant ever has been a resident or domiciliary of this Commonwealth. The complainant husband filed a bill of complaint for divorce in this Court on January 11, 1994. The defendant, who says she learned of her husband's whereabouts only upon notice of the suit, filed a petition for dissolution of the marriage in King County, Washington, on February 11, 1994. Defendant points out that there are issues of equitable distribution to be determined and requests that this Court "transfer" the divorce suit to the Washington court so that all matters may be resolved in one proceeding.

The Court certainly can appreciate the defendant's desire to assure equitable distribution simultaneously with the dissolution of the marriage. Indeed, the Virginia Code authorizes bifurcation of the proceeding only when "clearly necessary." Va. Code § 20–107.3(A). However, the issue before the Court is not one of bifurcation as that term is used in § 20–107.3, but rather of competing jurisdictions.

Defendant correctly points out that this Court and this Commonwealth have no personal jurisdiction over her for the purposes of de-

termining support or equitable distribution. At the same time, defendant has not shown any reason why complainant may not pursue an *"ex parte"* divorce. *See* Swisher, Diehl & Cottrell, *Virginia Family Law: Theory and Practice*, § 6–2 (1991). Based on the domicile of the plaintiff, and lacking personal jurisdiction over the defendant, this Court is limited to an *in rem* proceeding addressing only the marriage itself, not any property or support issues arising from it. Defendant has not shown any basis to deny her husband access to such a proceeding. Her preference for a single adjudication is reasonable and based on very real concerns, but it does not allow this Court to deny the pending cause, which is limited to dissolution of the marriage.