## Norfolk

THOMAS NELSON TOOMEY

v.

VICTORIA L. TOOMEY

No. 0865-93-1

Decided February 28, 1995

Counsel

Karen M. Vannan (Buxton, Lasris & Vannan, P.C., on brief), for appellant.

Jeffrey M. Jordan (Carter Phillips; Peninsula Legal Aid Center, Inc., on brief), for appellee.

Opinion

**BAKER, J.**—In this appeal from the Circuit Court of the City of Newport News (trial court), Thomas Nelson Toomey (husband) contends that the trial court erred when, by an order entered more than eleven months after a divorce decree had become final, it granted Victoria L. Toomey's (wife) motion for an equitable distribution hearing. Finding no error, we affirm the judgment of the trial court.

On February 28, 1992, husband filed a bill of complaint in the trial court specifically asking only that he be granted a divorce from wife on the ground that the parties had lived separate and apart without cohabitation and without interruption for more than one year. Husband's bill of complaint stated that wife is a nonresident of Virginia. No nexus with Virginia was alleged.

On March 17, 1992, in Eugene, Oregon, wife was personally served with a copy of the bill of complaint. Prior to the entry of a divorce decree, wife filed no responsive pleadings. Depositions without notice to wife were taken on April 20, 1992. Further, without notice to wife, a final decree was presented to the trial

court and entered on April 23, 1992. No appearance was made by wife at any hearing or at any time before or on April 23, 1992. The final decree entered on that date validly dissolved the marriage between the parties upon the ground alleged in the bill of complaint. *See Williams v. North Carolina*, 325 U.S. 226 (1945). The decree contained no reference to matters of spousal support or child custody and made no reservation for equitable distribution.

On July 14, 1992, wife, by letter, requested a hearing "concerning equitable distribution" and expressed a desire to pursue "equitable distribution of her husband's military retirement." In response thereto, the trial court, on July 17, 1992, advised wife that no pleading was pending upon which the trial court could act. Thereafter, on December 15, 1992, wife filed a formal "Motion for Equitable Distribution." Wife then notified husband that on April 16, 1993 she would "ask that equitable distribution be allowed in this matter." By decree entered on April 16, 1993, the trial court granted wife leave to file a cross-bill to seek equitable distribution of husband's military retirement. It is from that decree that this appeal emanates.

Code § 8.01-320 provides that personal service may be made upon a non-resident person outside the Commonwealth if made by a person listed therein. Service was made in accord with those provisions. However, that Code section further provides:

Such service or service in accordance with the provisions of subdivision 2 a of § 8.01-296 shall have the same effect, and no other, as an order of publication duly executed, or the publication of a copy of process under this chapter, as the case may be; however, depositions may be taken at any time after twenty-one days' notice of the taking of the depositions has been personally served. The person so served shall be in default upon his failure to file a pleading in response to original process within twenty-one days after such service. If no responsive pleading is filed within the time allowed by law, the case may proceed without service of any additional pleadings, including the notice of the taking of depositions.

Code § 20-107.3 contains the provisions pursuant to which equitable distribution awards are made. Included are specific provisions related to retirement pensions:

All property including that portion of pensions, profit-sharing or deferred compensation or retirement plans of whatever nature, acquired by either spouse during the marriage, and before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, is presumed to be marital property in the absence of satisfactory evidence that it is separate property. For purposes of this section marital property is presumed to be jointly owned unless there is a deed, title or other clear indicia that it is not jointly owned.

Code § 20-107.3(A)(2).

Here, wife asked only to have her "presumed" property right in husband's pension adjudicated. Husband's bill of complaint alleged that the parties married on March 15, 1975 and separated on February 22, 1991, disclosing a marriage of seventeen years and a probability that wife's property interest in his pension might be substantial. No provision of Code § 20-107.3 requires the property right of a non-resident party to a divorce proceeding to be taken away when service is obtained, as here, under Code § 8.01-320. On the contrary, Code § 8.01-320 specifically provides that service shall have the same effect as service by publication, and no other.

In *Gibson v. Gibson*, 5 Va. App. 426, 429, 364 S.E.2d 518, 519 (1988), we said that "when a divorce is granted *ex parte* the decree is binding only insofar as it terminates the marital status of the parties. Personal rights, which include property and support rights in divorce cases, may not be adjudicated by a court lacking *in personam* jurisdiction." Here, *in personam* jurisdiction over wife was not obtained by the trial court prior to the entry of the final divorce decree.

In addition to rights of support, property rights are cognizable legal obligations which survive an *ex parte* divorce decree. *See Newport v. Newport*, 219 Va. 48, 245 S.E.2d 134 (1978). When wife submitted her formal pleading requesting equitable distribution of husband's pension, she had a valid claim which she had the legal right to have adjudicated. The trial court then had both subject matter and personal jurisdiction over the parties.

When both parties to a divorce suit are before the court, equitable distribution is not automatically a part of the divorce proceeding. In such cases, equitable distribution is available only if it is expressly requested by one or both parties. *See, e.g., Lutz v.Lutz,* 101 N.C. App. 298, 399 S.E.2d 385 (1991). If both parties are before the court, equitable distribution may be made after the divorce decree has become final. *See Parra v. Parra,* 1 Va. App. 118, 336 S.E.2d 157 (1985). *Parra* did not place a limitation on when the equitable distribution hearing must be held or the award made.

We have found no Virginia case squarely on point, and Code § 20-107.3 provides no specific answer to the issue before us. *Mock v. Mock,* 11 Va. App. 616, 400 S.E.2d 543 (1991) is similar. In *Mock,* the specific issue was whether the trial court had jurisdiction over a non-resident husband who had obtained a Nevada divorce without personal service of the suit on his wife who neither answered nor appeared. After the Nevada decree became final, Mrs. Mock, a Virginia resident, filed a bill of complaint in Virginia seeking equitable distribution. This Court approved the trial court's finding "that the Nevada decree did not deprive [Mrs.] Mock of her rights under Virginia's equitable distribution laws." *Id.* at 617, 400 S.E.2d at 544.

We hold that the service upon wife had the effect of service by publication, and no other. Therefore, the divorce decree did not deprive wife of the right to seek a determination by the trial court of the property right she may have had in husband's military pension.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, J., and Bray, J., concurred.