Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

THOMAS NELSON TOOMEY

v.    Record No. 950578

OPINION BY
SENIOR JUSTICE HENRY H. WHITING
January 12, 1996

VICTORIA L. TOOMEY

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal concerns a circuit court's jurisdiction to consider a nonresident party's motion for equitable distribution that was filed more than 21 days after a final decree had been entered in a divorce suit.

Thomas Nelson Toomey, a resident of Virginia, filed a bill of complaint in the Circuit Court of the City of Newport News against Victoria L. Toomey, a resident of Oregon, seeking a divorce on the ground that the parties had lived separate and apart without cohabitation and without any interruption for a period of more than one year. Although a subpoena in chancery, with a copy of Mr. Toomey's bill of complaint attached thereto, was personally served on Mrs. Toomey in Oregon, she failed to file responsive pleadings within the required time. Without further notice to Mrs. Toomey, depositions were taken, and, in April 1992, a final decree was entered in which Mr. Toomey was granted a divorce from the bond of matrimony.

More than seven months later, Mrs. Toomey moved the circuit court for equitable distribution of the marital estate. Over Mr. Toomey's objection, the circuit court permitted Mrs. Toomey to file a cross-bill for equitable distribution, and the Court of Appeals affirmed that ruling upon Mr. Toomey's appeal. Toomey v.

Toomey, 19 Va. App. 756, 454 S.E.2d 735 (1995). Agreeing with Mr. Toomey's contention that the Court of Appeals' decision has significant precedential value, Code § 17-116.07(B), we awarded this appeal.

The litigants agree that the circuit court could not have adjudicated issues of equitable distribution prior to Mrs. Toomey's intervention in the suit because it lacked personal jurisdiction over her. They disagree whether the circuit court could do so later under the facts of this case.

Mr. Toomey claims that because the circuit court lost its jurisdiction to adjudicate that claim upon entry of the final decree, Mrs. Toomey lost her rights to equitable distribution in a Virginia court by failing to claim those rights prior to entry of the final decree. Mrs. Toomey responds that she could not have lost her equitable distribution rights at that time since the circuit court lacked personal jurisdiction over her when the decree was entered. We agree with Mr. Toomey.

We consider Mrs. Toomey's contention by examining the origin of a spouse's right to equitable distribution. At common law, divorce courts had no jurisdiction to make awards of equitable distribution. See Guy v. Guy, 210 Va. 536, 541, 172 S.E.2d 735, 738 (1970); Barnes v. American Fertilizer Co., 144 Va. 692, 709, 130 S.E. 902, 907 (1925). That authority was vested in divorce courts by Code § 20-107.3. Parra v. Parra, 1 Va. App. 118, 124, 336 S.E.2d 157, 160 (1985). And when jurisdiction is vested in a

-2-

court by statute, that jurisdiction is limited by the terms of the statute.  See Cauthorn v. Cauthorn, 196 Va. 614, 619, 85 S.E.2d 256, 259 (1955).

The circuit court's limited jurisdiction in this case is described in the following pertinent language in Code § 20-107.3:

> A.  Upon . . . decreeing a divorce from the bond of matrimony, or upon the filing with the court as provided in subsection J of a certified copy of a final divorce decree obtained without the Commonwealth, the court, upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property in accordance with subdivision A 3. . . .  The court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary, and all decrees heretofore entered retaining such jurisdiction are validated.
>
> . . . .
>
> J.  [The] court . . . may [order equitable distribution] after a court of a foreign jurisdiction has decreed a dissolution of a marriage or a divorce from the bond of matrimony, if (i) one of the parties was domiciled in this Commonwealth when the foreign proceedings were commenced, (ii) the foreign court did not have personal jurisdiction over the party domiciled in the Commonwealth, (iii) the proceeding is initiated within two years of receipt of notice of the foreign decree by the party domiciled in the Commonwealth, and (iv) the court obtains personal jurisdiction over the parties pursuant to subdivision A 9 of [Code] § 8.01-328.1 [maintenance of matrimonial domicile in Virginia at specified times if other party resides in Virginia], or in any other manner permitted by law.

(Emphasis added.)

Although Mrs. Toomey invokes Code § 20-107.3, we find

nothing in that statute giving the circuit court jurisdiction to adjudicate Mrs. Toomey's claim to equitable distribution. The circuit court awarded the divorce and did not retain jurisdiction in the divorce decree to adjudicate equitable distribution after entry of that decree.[1] Hence, we conclude that the circuit court had no jurisdiction to consider Mrs. Toomey's filing under the provisions of Code § 20-107.3.

Nor does the two-year period provided in Code § 8.01-322 vest jurisdiction in the circuit court to consider Mrs. Toomey's application for equitable distribution, as she contends.[2] We rejected a similar contention when a nonresident wife, who had been personally served in a foreign state, moved for a rehearing and sought spousal support after a divorce decree had been entered. Mitchell v. Mitchell, 227 Va. 31, 314 S.E.2d 45 (1984).

---

[1]Although the court's jurisdiction to modify, vacate, or suspend the final decree continued for 21 days after its entry, Rule 1:1, Mrs. Toomey filed no pleadings within that period invoking that jurisdiction.

[2]Code § 8.01-322 provides in pertinent part:

> If a party against whom service by publication is had under this chapter did not appear before the date of judgment against him, then such party . . . may petition to have the case reheard . . . within the following time and not after:
>
> 1. Within two years after the rendition of such judgment, decree or order . . . .

In Mitchell, we pointed out that "[i]f a [nonresident] defendant has received personal service [in the foreign state] at the commencement of the litigation . . . and fails to protect his interests, he accepts the risk of an unfavorable result."  Id. at 38, 314 S.E.2d at 49.

Similar to the nonresident defendant in Mitchell, Mrs. Toomey failed to protect her interests in having the circuit court adjudicate her equitable distribution rights.  Under Code § 20-107.3, Mrs. Toomey could have requested the circuit court to adjudicate her rights prior to entering the divorce decree; she also could have moved the circuit court to retain its jurisdiction and adjudicate those rights after entering the divorce decree.  She did neither.  Mrs. Toomey's failure to protect her interests does not substantively adjudicate her equitable distribution rights, but does bar her from asserting those rights in a Virginia court.

We recognize that, had Mrs. Toomey timely protected her interests, she would have subjected herself to the circuit court's personal jurisdiction.  Nevertheless, this decision-- whether to remain outside the circuit court's personal jurisdiction or to protect her interests in having that court adjudicate equitable distribution rights--is one dictated by Code § 20-107.3.  The consequence of Mrs. Toomey's decision is that the circuit court was without jurisdiction to consider her motion for equitable distribution.

Accordingly, we will reverse the order of the Court of Appeals that affirmed the circuit court's decree in Mrs. Toomey's favor, and we will enter a final decree for Mr. Toomey in this Court.

<u>Reversed and final decree</u>.