COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DANA CHENAULT

                                          MEMORANDUM OPINION*
v.   Record No. 0992-96-3                     PER CURIAM
                                          SEPTEMBER 2, 1997
EDWARD E. MANGUS


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                  J. Samuel Johnston, Jr., Judge

            (B. Leigh Drewry, Jr., on brief), for
            appellant.

            No brief for appellee.



     Dana Chenault (mother) appeals the decision of the circuit

court finding no arrearage in child support payments from Edward

Mangus (father).  The trial court ruled that the Virginia circuit

court which ordered father to pay child support in 1988 did not

have in personam jurisdiction.  On appeal, mother contends that

(1) oral agreements settling issues of property and support are

enforceable in final decrees; and (2) an out-of-state defendant

may accept service of process and confer in personam jurisdiction

on a Virginia court.  Upon reviewing the record and opening

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     The parties were married in Virginia in 1973, and two of

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

their three children were born in Virginia.  In 1983, the family moved to South Carolina, where they lived at the time of the parties' separation in 1986.  Mother subsequently moved to Virginia with the children.  Father agreed to pay $75 per week in child support.  In 1987, mother filed a bill of complaint, seeking a divorce and child support in the amount of $75 per week.  Father was served in South Carolina by a subpoena in chancery, and endorsed the return of service.  The divorce decree was entered January 12, 1988, and included a provision requiring father to pay $75 weekly in child support.

Mother subsequently sought to recover over $25,000 in child support arrearages.  The trial court found that there was no enforceable arrearage because the circuit court in 1988 lacked <u>in personam</u> jurisdiction over father and, therefore, was without authority to order father to pay support.

While mother raises two issues, the question whether the parties' oral agreement was enforceable is moot if the trial court properly determined that the original court exceeded its jurisdiction when it ordered father to pay support.  While a court with <u>in rem</u> jurisdiction may enter a divorce decree, "[p]ersonal rights, which include property and support rights in divorce cases, may not be adjudicated by a court lacking <u>in personam</u> jurisdiction."  <u>Gibson v. Gibson</u>, 5 Va. App. 426, 429, 364 S.E.2d 518, 519 (1988).  <u>See</u> <u>Toomey v. Toomey</u>, 19 Va. App. 756, 758-59, 454 S.E.2d 735, 736-37 (1995).  <u>Cf.</u> <u>Commonwealth ex</u>

2

<u>rel. Kenitzer v. Richter</u>, 23 Va. App. 186, 192-93, 475 S.E.2d 817, 820 (1996).

Husband had notice of the Virginia action and was served with process. Neither factor, however, gave the Virginia court <u>in personam</u> jurisdiction over father. <u>See</u> <u>Toomey</u>, 19 Va. App. at 759, 454 S.E.2d at 736-37. Similarly, father was not subject to <u>in personam</u> jurisdiction in Virginia under any of the provisions of Virginia's "long arm statute" as it existed at the time mother commenced this action.[1] No agreement had been executed in

[1] Code § 8.01-328.1, as amended in 1987, read in pertinent part as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> \* \* \* \* \* \* \*
>
> 8. Having (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth, or to a person who has satisfied the residency requirements in suits for annulments or divorce for members of the armed forces pursuant to § 20-97 provided proof of service of process on a nonresident party is made by a law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located, or (ii) been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person; or
>
> 9. Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance

Virginia, no support had been ordered, and Virginia was not the matrimonial domicile at the time of separation. Therefore, father was not subject to Virginia's <u>in</u> <u>personam</u> jurisdiction, and the trial court in 1988 could not order him to pay child support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

---

is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship reside herein.

Jurisdiction in subsection 8 and subsection 9 of this section is valid only upon proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of

§ 8.01-320.