# CIRCUIT COURT OF CHESTERFIELD COUNTY

Patrice A. Cossu

v.

Carolyn A. Cossu

October 20, 1998

Case No. CH96-1538-01

BY JUDGE WILLIAM R. SHELTON

On July 10, 1998, the parties appeared by counsel at a hearing to determine, *inter alia*, whether the final decree reserved spousal support and whether the plaintiff committed fraud on the Court by failing to identify his retirement account, his 401(k) plan, and his bank accounts for equitable distribution. The Court allowed the parties to submit briefs on the issue of the defendant's entitlement to spousal support and a portion of the retirement account. The briefs were to have been filed on or before August 12, 1998. After considering the arguments of counsel, the memoranda submitted, and the applicable case law, the Court finds as follows.

Mrs. Cossu was served with the Bill of Complaint on November 25, 1996, and the Court entered the Final Decree of Divorce on October 22, 1997. The Final Decree did not retain jurisdiction to adjudicate equitable distribution after entry of the decree pursuant to § 20-107.3(A) of the Code of Virginia. Furthermore, the Final Decree did not specifically reserve the right of Mrs. Cossu to receive spousal support. Therefore, the Court does not have jurisdiction to reopen the matter for a determination of equitable distribution or spousal support. See, e.g., *Toomey v. Toomey*, 251 Va. 168, 465 S.E.2d 838 (1996).

Although § 8.01-428(D) provides that the Court may entertain at any time an independent action "to set aside a judgment or decree for fraud upon the court," the defendant has not presented sufficient evidence to show that the plaintiff committed fraud upon this Court. Rather, the evidence reveals that

Mrs. Cossu failed to protect her interests in the divorce proceeding. Mrs. Cossu had adequate opportunity to obtain a lawyer, and she neglected to seek legal representation. Unfortunately, the Court cannot revisit equitable distribution and spousal support merely because the defendant did not represent herself to her own satisfaction.

The defendant's Motion to Reinstate for equitable distribution and spousal support is therefore denied.