## CIRCUIT COURT OF FAIRFAX COUNTY

Barbara J. Stellwagen

v.

Gerard F. Stellwagen

April 14, 1999

Case No. (Chancery) 158912

BY JUDGE J. HOWE BROWN

Defendant's Plea to the Court's Jurisdiction was heard on March 31, 1999. Except as necessary to explain the decision, the evidence will not be repeated here. Counsel stipulated that the Court should consider October 1998 as the date any cause of action arose under the Bill of Complaint.

Complainant Barbara J. Stellwagen (Wife) asserts that this Court has personal jurisdiction over Defendant Gerard F. Stellwagen (Husband) based upon the long arm statute, Va. Code § 8.01-328.1(A)(9). The operative question for determination is whether in October 1998 Husband "maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce ... is based ... ." Va. Code § 8.01-328.1.

Courts have struggled with the term "domicile" for years. The definition is simply stated: physical presence in a place with the intent to live there permanently, or at least for an indefinite time. *Howe v. Howe*, 179 Va. 111 (1942). Domicile, unlike residence, is singular; one may be a resident of more than one place, but one may have only one domicile. "Of course it follows that his existing domicile continues until he acquires another; and *vice versa*, by acquiring a new domicile, he relinquishes his former one." *Cooper's Adm'n v. Commonwealth*, 121 Va. 338 (1917).

The evidence discloses that in 1994 or 1995, Husband and Wife came from Georgia to Virginia. They owned a home in Georgia, and it is not disputed that they were domiciled in Georgia. The couple stayed for a year in Virginia, living on the lower floor of the home of Wife's mother. At that time, Husband was employed in Virginia. In January 1996, Husband went to New Hampshire where he lived and worked, and later he went to Florida where he now lives and works. He never returned to live in Virginia. Over the months until October 1998, Husband and Wife took trips together and even together went house hunting in Florida.

Husband first contends that he never maintained a matrimonial domicile in Virginia. As stated in *Mock v. Mock*, 11 Va. App. 616, 618 (1991), the "entire course of conduct must be considered in determining ... domicile." Over the time Husband and Wife stayed in Wife's mother's home in Virginia, they did not maintain a telephone listing; they did not obtain Virginia driver's licenses; they did not register their vehicles in Virginia or obtain Virginia license plates. However, Husband and Wife received mail at their Virginia residence, which indicates that they gave this as their address. Wife testified that finances were always a problem while they lived here together and that is why they did not have a separate telephone listing. She further testified without contradiction that when they moved to Virginia, they intended to live here indefinitely and that when Husband went to New Hampshire, they intended that he would return to Virginia if the job in New Hampshire did not work out well. Wife has remained in Virginia since they moved here, and Husband has sent her mail and money here. They sold their home in Georgia and severed their ties with that state. Since late 1994 or early 1995, they have not maintained a home together in any place other than Virginia. I find that the parties had a matrimonial domicile in Virginia.

Husband next contends that even if Virginia was the site of their matrimonial domicile at one time, it since has changed. He argues that he has not returned here, has lived in New Hampshire and Florida, and that Wife accompanied him on a house hunting trip in Florida with the intent to relocate there. It may well be that Husband has changed his personal domicile. However, certainly in the modern age, one party cannot change the matrimonial domicile without the concurrence of the other. Husband's reliance on *Kerr v. Kerr*, 6 Va. App. 620 (1988), is not well taken. That case dealt with a question of desertion and justification for one spouse not following the other to a new location; not with a question of jurisdiction. In this case, after establishing a matrimonial domicile, Husband and Wife never were present in any other place with the intent to live there indefinitely. I find that Virginia

was Husband's matrimonial domicile in October 1998. Thus, this Court has personal jurisdiction over Husband, and Husband's Plea is denied.