# CIRCUIT COURT OF FAIRFAX COUNTY

Michael Eugene Richardson

v.

Marie Delores Sasso

June 17, 1999

Case No. (Chancery) 157589

BY JUDGE R. TERRENCE NEY

This matter came before me on April 28, 1999, for a hearing on Mr. Richardson's bill of complaint to set aside a conveyance, to enforce a post-nuptial agreement, and partition property in conformity with the contract. After oral argument of counsel, I took the matter under advisement and requested that counsel submit briefs on the sole issue of whether this Court has jurisdiction to apportion the parties' marital debt. For the reasons stated herein, Ms. Sasso's request that the Court divide the parties' marital debt pursuant to Virginia Code § 20-107.3(C) is denied.

## I. *Background*

On April 28, 1997, the parties entered into a contract, the "Act of Stipulation," whereby they agreed to divide equally all personal and real property of the marriage. The parties were divorced in the Dominican Republic on May 21, 1997. It is undisputed that both parties submitted to the personal jurisdiction of the Dominican Republic court. That decree was confirmed by this Court on October 9, 1998 (*Richardson v. Sasso*, Chancery No. 149888).

## II. *Issue Presented*

Whether the Court should equitably divide the parties' marital debt pursuant to Virginia Code § 20-107.3(C) when the specific subject of marital debt was not included in the parties' "Act of Stipulation" entered into at the time of the Dominican Republic divorce?

## III. *Discussion*

A threshold question is whether this Court has jurisdiction to so divide the parties' marital debt under these circumstances. For the following reasons, I find that this Court does not have jurisdiction to divide the marital debt. Virginia Code § 20-107.3(J) provides:

A court of proper jurisdiction under § 20-96 may exercise the powers conferred by this section after a court of a foreign jurisdiction has decreed a dissolution of a marriage or a divorce from the bond of matrimony, if (i) one of the parties was domiciled in this Commonwealth when the foreign proceedings were commenced, (ii) the foreign court did not have personal jurisdiction over the party domiciled in the Commonwealth, (iii) the proceeding is initiated within two years of receipt of notice of the foreign decree by the party domiciled in the Commonwealth, and (iv) the court obtains personal jurisdiction over the parties pursuant to subdivision A 9 of § 8.01-328.1, or in any other manner permitted by law.

If the parties possess property in Virginia and if a former Virginia domiciliary obtains a foreign *ex parte* divorce, the "divisible divorce" doctrine permits a Virginia court to conduct a subsequent Virginia distribution proceeding. *See Newport v. Newport*, 219 Va. 48, 245 S.E.2d 134 (1978); *see generally*, Margaret F. Brinig, *Virginia Domestic Relations Handbook*, § 22-3 at 301 (3d ed. 1996).

Explicit in the statutory grant of this power found at Va. Code § 20-107.3(J) is that four conditions be met. *See Toomey v. Toomey*, 251 Va. 168, 465 S.E.2d 838 (1996); *Cauthorn v. Cauthorn*, 196 Va. 614, 85 S.E.2d 256 (1995). These are:

(i) One of the parties was domiciled in the Commonwealth;

(ii) The foreign court did not have personal jurisdiction over the party domiciled in the Commonwealth;

(iii) The proceeding is initiated within two years of receipt of notice of the foreign decree by the party domiciled in the Commonwealth; and

(iv) The Court obtains personal jurisdiction over the parties.

Here, all the conditions of § 20-107.3(J) are met with the exception of subsection (ii), that the foreign court did not have jurisdiction over the party domiciled in the Commonwealth. The testimony of the parties, as well as Ms. Sasso's responses to requests for admissions, which were deemed admitted, indicate that *both* parties submitted to the personal jurisdiction of the Dominican Republic court.

Jurisdiction over the *property* of the parties, as contended by Ms. Sasso, is not the linchpin of § 20-107.3(J). Rather, it is *personal jurisdiction* over "the party domiciled in the Commonwealth." Here, it is undisputed that *both* parties personally submitted to the jurisdiction of the Dominican Republic court. That submission and the decree of divorce resulting from it have been confirmed by an Order of this Court dated October 9, 1998.

The jurisdictional requirements of § 20-107.3(J) are to be construed narrowly. "When jurisdiction is vested in a court by statute, that jurisdiction is limited by the terms of the statute." *Toomey*, 251 Va. at 170, 465 S.E.2d at 840, citing *Cauthorn v. Cauthorn*, 196 Va. 614, 619, 85 S.E.2d 256, 259 (1995).

Accordingly, I find that this Court lacks jurisdiction to divide the marital debt of these parties pursuant to Va. Code § 20-107.3(C).