COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


ROSE E. SMITH
                                                    OPINION BY
v.    Record No. 0577-01-4          JUDGE JERE M. H. WILLIS, JR.
                                                 APRIL 16, 2002
ELLIS H. SMITH


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                  H. Selwyn Smith, Judge Designate

          Roy D. Bradley (Bradley Law Firm, P.C., on
          briefs), for appellant.

          Linda I. Dodge for appellee.


     Rose Smith contends on appeal that the trial court erred in

holding that it lacked jurisdiction to award equitable

distribution because neither party requested it.  See Code

§ 20-107.3.  For the following reasons, we reverse the judgment

of the trial court and remand for equitable distribution of the

parties' property.

                        I.  BACKGROUND

     Ellis and Rose Smith were married on July 2, 1973.  On June

10, 1995, they separated.  On November 4, 1997, Mr. Smith filed

a bill of complaint for divorce.  Two days later, Ms. Smith

filed her answer, asserting, inter alia:

          3.  The parties hold joint title to
          property, the division of which will
          ultimately be a necessary part of these
          proceedings.

On February 18, 1998, the trial court entered a decree granting the parties a final divorce. An error in the decree was corrected on March 5, 1998, nunc pro tunc to February 18, 1998. The decree provided, in pertinent part:

> AND THIS DECREE IS FINAL as to the parties' divorce, and the marriage of the parties is HEREBY DISSOLVED FOREVER, and matters requiring equitable distribution of marital property pursuant to Virginia Code Section 20-107.3 are hereby deferred for further adjudication as allowed by Virginia Code Section 20-107.3.

Over the next thirty-four months, the parties conducted discovery in preparation for an equitable distribution hearing, which was scheduled for January 23, 2001. At that hearing, Mr. Smith filed a plea of jurisdiction/motion to quash. He argued that because neither party had requested equitable distribution pursuant to Code § 20-107.3, the trial court lacked jurisdiction to grant it.

Ms. Smith, first learning of the motion when it was presented to the trial court, argued that she had requested equitable distribution in paragraph three of her answer and consequently, the trial court possessed jurisdiction. The trial court disagreed and granted Mr. Smith's motion. Ms. Smith appeals that judgment.

## II. ANALYSIS

Code § 20-107.3 states, in pertinent part:

> Upon decreeing the dissolution of a marriage . . . the court, upon request of either

-

> party, shall determine the legal title as
> between the parties and the ownership and
> value of all property . . . .

The statute specifies neither the form nor the substance of the "request." Thus, it is sufficient that a party make known to the court his or her desire that the court award equitable distribution. However, a court's jurisdiction to award equitable distribution is dependent upon a timely "request" by a party. See Toomey v. Toomey, 251 Va. 168, 465 S.E.2d 838 (1996).

In Toomey, Mr. Toomey filed for a divorce from Victoria Toomey. Ms. Toomey filed no responsive pleading within the required time. Without further notice to her, depositions were taken and a final decree of divorce was entered. More than seven months later, Ms. Toomey sought equitable distribution of the marital estate, and, over Mr. Toomey's objection, the trial court permitted her to file a cross-bill seeking that relief. Reversing that judgment, the Supreme Court stated:

> Mrs. Toomey failed to protect her interests
> in having the circuit court adjudicate her
> equitable distribution rights. Under Code
> § 20-107.3, Mrs. Toomey could have requested
> the circuit court to adjudicate her rights
> prior to entering the divorce decree; she
> also could have moved the circuit court to
> retain its jurisdiction and adjudicate those
> rights after entering the divorce decree.
> She did neither.

Id. at 172, 465 S.E.2d at 840.

-

Unlike Ms. Toomey, Ms. Smith protected her interests by requesting equitable distribution in paragraph three of her answer.  While the request was not artfully stated, paragraph three nevertheless sufficiently made known to the trial court Ms. Smith's desire for equitable distribution.  The trial court recognized as much in the February 18, 1998 decree by providing that "matters regarding equitable distribution of marital property . . . are hereby deferred for further adjudication as allowed by Virginia Code Section 20-107.3."  The decree containing this reservation was endorsed, "I ask for this," by Mr. Smith's counsel.

The trial court erred in holding it lacked jurisdiction to award equitable distribution.  Therefore, we reverse the judgment of the trial court and remand the case for ascertainment of the parties' property rights, pursuant to Code § 20-107.3.

<u>Reversed and remanded.</u>