Gopalakrishnan Subramanian

v.

Ranjeetha Ravichandran

December 6, 2010

Case No. CL-2010-4118

By Judge Jonathan C. Thacher

This matter comes to the Court on Plaintiff Gopalakrishnan Subramanian's complaint for a divorce pursuant to Virginia Code § 20-91(9). The Court heard evidence *ore tenus* on November 4, 2010. Upon consideration of the evidence, the pleadings, and the relevant legal authority, the Court denies Plaintiff's request for a divorce pursuant to Virginia Code § 20-91(9).

*Background*

Plaintiff Gopalakrishnan Subramanian ("Mr. Subramanian") and Defendant Ranjeetha Ravichandran ("Ms. Ravichandran") were married on May 28, 2007, in Chennai, India. Following their marriage, the parties moved to Virginia. According to Mr. Subramanian, Ms. Ravichandran was living in Virginia on an H-4 Dependent Visa.

In August 2008, Ms. Ravichandran travelled back to India. According to Mr. Subramanian, Ms. Ravichandran expressed a desire to cease living with him shortly after her arrival in India. Mr. Subramanian further claims that, on September 1, 2008, the parties ceased martial cohabitation with the intention that the separation be permanent.

On September 30, 2008, Ms. Ravichandran's H-4 Dependent Visa expired.

On March 22, 2010, Mr. Subramanian filed his complaint for divorce, requesting a divorce *a vinculo matrimonii* on the grounds of desertion and/or mental cruelty or, in the alternative, one year separation pursuant to Virginia Code § 20-91(9).

On May 13, 2010, Ms. Ravichandran filed a response titled "Reply to the Complaint." In her response, Ms. Ravichandran denies Mr. Subramanian's allegations of desertion and alleges that Mr. Subramanian is restricting her from entering the United States to contest the divorce. According to Ms. Ravichandran, Mr. Subramanian has refused to renew her H-4 Visa, and, without Mr. Subramanian's consent, she cannot enter the United States.

The Court held an *ore tenus* hearing on November 4, 2010, whereby Mr. Subramanian presented evidence to obtain a divorce pursuant to Virginia Code § 20-91(9). Mr. Subramanian provided oral testimony at this hearing, and when questioned by the Court, Mr. Subramanian admitted to restricting Ms. Ravichandran's entry into the United States. Following the *ore tenus* hearing, the Court took Mr. Subramanian's request for a divorce pursuant to Virginia Code § 20-91(9) under advisement.

*Analysis*

The issue presented is whether Mr. Subramanian is entitled to a divorce based on Virginia Code § 20-91(9) when he has admitted to prohibiting Ms. Ravichandran's entry into the United States to contest the divorce.

Mr. Subramanian argues that his petition is simply an *ex parte* divorce action, and, because he is a resident of Virginia and has met the statutory requirements of Virginia Code § 20-91(9), the Court must enter a divorce. According to Mr. Subramanian, Ms. Ravichandran's absence, and the cause thereof, is irrelevant for purposes of entering a divorce pursuant to Code § 20-91(9).

Virginia Code § 20-91(9) permits either spouse to petition for a divorce provided that both have lived separate and apart without cohabitation and without interruption for a period in excess of one year. Furthermore, the Court may grant an *ex parte* divorce pursuant to Va. Code § 20-91(9) when the defendant is absent or the Court lacks personal jurisdiction over the defendant. *See Cook v. Cook*, 18 Va. App. 726, 731, 446 S.E.2d 894, 897 (1994); *Singh v. Gomar*, 33 Va. Cir. 284, 285 (1994) (noting that when entering an *ex parte* divorce, the Court is limited to an in rem proceeding addressing only the marriage itself, not any property or support issues arising from it).

This case, however, is not an *ex parte* divorce as argued by Mr. Subramanian. Ms. Ravichandran has filed an answer, and the contents of her pleading articulate a desire to contest the divorce. Furthermore, Ms. Ravichandran has consented to this Court's jurisdiction by filing a general answer. *See generally Nixon v. Rowland*, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951) (a general appearance in a case confers jurisdiction of the person

on the court). Accordingly, this case is no longer *ex parte* because Ms. Ravichandran has properly contested the divorce.

Moreover, the Court rejects Mr. Subramanian's claim that the reason for Ms. Ravichandran's absence is irrelevant in determining whether to award a divorce pursuant to Code § 20-91(9). Under Virginia law, a party who comes into equity must come with clean hands, and that party must remain free of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on. *Richards v. Musselman*, 221 Va. 181, 186, 267 S.E.2d 164, 167 (1980). The Court can refuse equitable relief for any party who comes to court with unclean hands. *See id.* An action for divorce is equitable in nature and thus subject to this doctrine. *See generally Dritselis v. Dritselis*, 2005 Va. App. LEXIS 451 (Va. App. Nov. 8, 2005). Accordingly, the cause of Ms. Ravichandran's absence is relevant to determine if Mr. Subramanian has "clean hands."

The Court finds that Mr. Subramanian does not come to Court with clean hands and thus Mr. Subramanian is not entitled to the relief sought. As discussed above, Mr. Subramanian has actively prohibited Ms. Ravichandran from entering the United States to contest this divorce action. Mr. Subramanian's actions are clearly wrongful, and, therefore, the doctrine of unclean hands applies in this case.

Additionally, entry of the final decree submitted by Mr. Subramanian would foreclose Ms. Ravichandran from seeking spousal support or equitable distribution. In the case *Toomey v. Toomey*, the Virginia Supreme Court held that a trial court loses jurisdiction to decide issues of support twenty-one days after entry of a decree of divorce that does not reserve jurisdiction. 251 Va. 168, 465 S.E.2d 838 (1996). Mr. Subramanian has submitted a final order of divorce that does not reserve the Court any jurisdiction. Therefore, entry of Mr. Subramanian's order would foreclose Ms. Ravichandran from litigating any support issues because she is currently unable to gain access to this Court while it retains jurisdiction. Ms. Ravichandran, however, has articulated a desire to litigate her case. The Court finds it inequitable to enter a final decree of divorce when Ms. Ravichandran has expressed a desire to litigate her case and entering the final decree would foreclose Ms. Ravichandran from contesting issues of support.

Accordingly, the Court finds it inequitable to enter a decree of divorce pursuant to Virginia Code § 20-91(9) on the current record. Ms. Ravichandran has expressed a desire to litigate her case, and Mr. Subramanian has affirmatively denied her access to this Court. Mr. Subramanian's actions are such that he is not entitled to the relief sought.

## Conclusion

For the reasons set forth above, the Court denies Mr. Subramanian's request for a divorce pursuant to Virginia Code § 20-91(9).