# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Russell and AtLee
Argued by teleconference


ERIN MARIE COSTER EVANS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1666-19-3                      JUDGE RICHARD Y. ATLEE, JR.
                                                    JULY 21, 2020

JAMES AUGUST EVANS, JR.


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Mary T. Morgan (GoLightly Mulligan & Morgan, PLC, on briefs),
for appellant.

James A. Evans (Evans & Bryant, PLC, on brief), for appellee.


Appellant Erin Marie Coster Evans ("wife") appeals the circuit court's decision that it

lacked *in personam* jurisdiction over James August Evans, Jr. ("husband") at the time the divorce

decree was entered.[1] Wife argues that the circuit court erred because it had jurisdiction over

husband via three different subsections of Code § 8.01-328.1, the Virginia "long arm" statute.

Wife also argues that the circuit court erred by modifying the divorce decree because it

retroactively modified a child support obligation. Finally, wife argues that the circuit court erred

in granting husband's motion to reopen the original case in violation of Code § 8.01-322(1).

Because we agree that the circuit court lacked *in personam* jurisdiction over husband at the time

the divorce decree was entered, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We recognize that "former husband" and "former wife" would be more accurate, but we use less cumbersome titles in this memorandum opinion for ease of reference.

## I. BACKGROUND

"Under settled principles, we view the evidence in the light most favorable to the prevailing party in the trial court, granting to that party the benefit of any reasonable inferences." Wright v. Wright, 61 Va. App. 432, 442 n.2 (2013).

Husband and wife married on September 11, 1999, in Hampton, Virginia. They had three children during the marriage. The parties separated on or about May 31, 2004, and they last lived together in Virginia Beach.

Following their separation, the parties, both represented by counsel, entered into a property settlement agreement. Per the agreement, wife got sole legal custody of the children, while husband was allowed visitation. Under the agreement, husband was obligated to pay $1,000 per month in child support, and the agreement could be affirmed and incorporated into a divorce decree. On June 22, 2005, husband signed the agreement before a notary public in Virginia Beach.

Wife filed for divorce on December 29, 2005. In her pleading, she stated that she had been a resident of Virginia for more than six months, that the parties last lived together in Virginia Beach, and that husband's last known residence was in Virginia Beach. The pleading also stated that she had not had contact with husband since November 2005.

On the same day she filed for divorce, wife filed an affidavit for order of publication in the circuit court. In the affidavit, she stated that she could not locate husband and that she had exercised due diligence in trying to locate him. The circuit court issued the order of publication.

Wife and another witness were deposed in February 2006. Wife testified that she had not had contact with husband since November 2005. She also claimed that he was behind in his child support obligations under the agreement. Husband did not appear.

The circuit court entered a final decree of divorce on May 21, 2006. The decree stated that wife was a resident of Virginia and that husband's last known address was in Virginia Beach. It ratified, confirmed, approved, and incorporated the parties' property settlement agreement, and it ordered husband to pay the agreed-upon $1,000 per month in child support.

On May 23, 2019, husband filed a motion to reopen case on special appearance and to grant relief. He acknowledged the circuit court in the divorce proceedings had *in rem* jurisdiction to grant the divorce. But he argued that it did not have *in personam* jurisdiction to order him to pay child support because he did not appear before the court in person or by counsel. Thus, he argues the portion of the decree ordering him to pay child support is void.

Wife filed a motion to dismiss the motion to reopen[2] the case, arguing that the circuit court in the divorce proceedings had *in personam* jurisdiction over husband via Code § 8.01-328.1(A)(8)(i), (8)(iii), and (9) because he had executed an agreement in the Commonwealth that required him to pay child support to a domiciliary of the Commonwealth, because he fathered children in the Commonwealth, and because he maintained a matrimonial domicile in the Commonwealth at the time of separation. She also argued that husband was time-barred from reopening the case under Code § 8.01-322(1) and that the circuit court could not retroactively modify child support.

The circuit court granted the motion to reopen the case. Following oral argument, the circuit court issued a letter opinion stating that the circuit court in the divorce proceedings did not have *in personam* jurisdiction over husband at the time the divorce decree was entered.

---

[2] Wife also filed a motion for attorney's fees and sanctions, arguing that husband only filed the motion to reopen the divorce case to delay a motion for show cause that she had filed in Virginia Beach. The show cause motion alleged husband owed $88,128.31 in arrears on his child support obligations.

Accordingly, it found that the portion of the divorce decree that ordered husband to pay support was void *ab initio*. Wife now appeals to this Court

## II. ANALYSIS

### A. *In Personam Jurisdiction and the Long Arm Statute*[3]

Under Virginia law, service by order of publication confers upon a court *in rem* jurisdiction. Cranford v. Hubbard, 208 Va. 689, 690-91 (1968). With *in rem* jurisdiction, a court has jurisdiction to grant a divorce, even where one party does not appear. Morris v. Morris, 4 Va. App. 539, 543-44 (1987). But orders of support, including child support, require *in personam* jurisdiction over the person obligated, Hayes v. Hayes, 3 Va. App. 499, 505 (1986), and a circuit court does not generally obtain *in personam* jurisdiction to order support in a proceeding initiated by order of publication, Morris, 4 Va. App. at 543-44.

Despite these principles, wife argues that Virginia's long arm statute, Code § 8.01-328.1, which is generally used to obtain *in personam* jurisdiction over nonresidents, gives the circuit court *in personam* jurisdiction over husband, a resident, because the statutory definition of

---

[3] Wife argues that the circuit court erred by granting the motion to reopen the case because Code § 8.01-322(1) places a time limit on when a case may be reopened after judgment in a case where service was made by an order of publication. Under Code § 8.01-322(1), a party may petition to have a case reheard within two years of the judgment. Since the divorce decree was entered in 2006 and husband did not file his motion until 2019, wife argues that the two-year time limit has expired.

Yet husband did not petition to have the case reheard. He argued that the circuit court lacked jurisdiction. A court always has "power to determine whether it has jurisdiction." Smith v. Commonwealth, 56 Va. App. 351, 357 (2010). Furthermore, we have previously concluded that Code § 8.01-322 applies only to cases "over which the trial court had jurisdiction." Hayes v. Hayes, 3 Va. App. 499, 505 (1986) (finding wife was not barred from reopening case to seek support where the trial court in the divorce proceedings did not have *in personam* jurisdiction at the time of the divorce proceedings). Because the circuit court did not have *in personam* jurisdiction over husband, Code § 8.01-322(1) does not bar the circuit court from reopening the case.

- 4 -

"person" includes "an individual . . . whether or not a citizen or domiciliary of this Commonwealth[.]" Code § 8.01-328. She argues that three provisions apply.

Issues of statutory interpretation are questions of law, which we review *de novo*. Bergaust v. Flaherty, 57 Va. App. 423, 429 (2011). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." Hines v. Commonwealth, 59 Va. App. 567, 573 (2012) (quoting Commonwealth v. Zamani, 256 Va. 391, 395 (1998)). To determine the legislature's intent, we look to the plain meaning of the words used in the statute, Bergaust, 57 Va. App. at 431, "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it[.]" Hines, 59 Va. App. at 573 (quoting Esteban v. Commonwealth, 266 Va. 605, 609 (2003)).

Code § 8.01-328.1(A) provides, in relevant part,

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> . . . .
>
> 8. Having (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth . . . provided that proof of service of process on a nonresident party is made by law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located . . . or (iii) shown by personal conduct in this Commonwealth, as alleged by affidavit, that the person conceived or fathered a child in this Commonwealth;
>
> 9. Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein;
>
> . . . .

- 5 -

> Jurisdiction in subdivision 9 is valid only upon proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of § 8.01-320. Jurisdiction under clause (iii) of subdivision 8 is valid only upon proof of personal service on a nonresident pursuant to § 8.01-320.

Wife concedes that each provision she points to contains a personal service requirement for nonresidents, but she argues that those provisions do not apply to this case because husband *is* a resident of Virginia. The language of those provisions, however, does not support her interpretation.

Assuming husband is a resident as wife argues and meets the other requirements of the provisions, the language of each service of process requirement makes clear that application of the entire provision is conditional on the service of process requirement being met.[4] Subsection 8(i) allows jurisdiction where a child support agreement has been entered with a domiciliary of the Commonwealth "*provided that* proof of service of process on a *nonresident*" is made. Code § 8.01-328.1(A)(8)(i) (emphasis added). Subsections 8(iii) and 9 contain even stronger language, with each stating that "[j]urisdiction is *valid only upon*" proof of the respective nonresident service of process requirement. (Emphasis added.) Thus, by the express language of each provision, jurisdiction only exists if the service of process requirement is met, and we "presume[] 'the legislature "chose, with care," the specific words of the statute.'" Va. Emp't Comm'n v. Cmty. Alts., Inc., 57 Va. App. 700, 706 (2011) (quoting Kane v. Szymczak, 41 Va. App. 365, 371 (2003)). Wife's interpretation asks us to ignore this statutory language, but

---

[4] Wife relies on Mock v. Mock, 11 Va. App. 616 (1991), to argue that the husband was a domiciliary of Virginia at the time of the divorce and thus the circuit court had *in personam* jurisdiction over him pursuant to Code § 8.01-328.1. In Mock, the contested issue was the husband's connection to Virginia at the time of separation. Here, the contested issue is the personal service requirement. Thus, Mock is inapposite to this issue.

we must give "reasonable effect to every word used." Riverside Owner, L.L.C. v. City of Richmond, 282 Va. 62, 69 (2011) (quoting Antisdel v. Ashby, 279 Va. 42, 48 (2010)).

Each of the service of process provisions makes specific reference to "nonresidents," which would preclude their application to residents such as husband.[5] Though the statute does, as wife argues, define "person" to include "individual[s] . . . whether or not a citizen or domiciliary of this Commonwealth," Code § 8.01-328, the three provisions wife relies on refer directly to "nonresidents" rather than simply persons. "[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." Small v. Fed. Nat'l Mortg. Ass'n, 286 Va. 119, 132 (2013) (quoting Newberry Station Homeowners Ass'n v. Bd. of Supervisors, 285 Va. 604, 616 (2013)). Further, of the ten provisions in Code § 8.01-328.1, only these three specifically refer to a nonresident. We presume that the General Assembly intentionally used the word nonresident, and we therefore conclude that these three provisions, Code § 8.01-328.1(A)(8)(i), (8)(iii), and (9), apply solely to nonresidents.[6]

---

[5] Even if husband were a nonresident and the long arm statute applied, wife has not met the personal service requirements. Subsection 8(i) requires personal service by a "law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located." Subsection 8(iii) requires "proof of personal service on a nonresident pursuant to § 8.01-320." Subsection 9 requires "proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of § 8.01-320." Code § 8.01-320 defines who is authorized to provide service of process. Each of these require personal service by a properly authorized person. Husband was served by order of publication, which is, definitionally, the opposite of personal service. This Court has already held that service by order of publication on a nonresident does not meet the requirements of Code § 8.01-328.1 to give a court *in personam* jurisdiction to order support. Morris, 4 Va. App. at 545.

[6] We make no conclusion on whether the other provisions of the long arm statute can be used to obtain personal jurisdiction over residents.

This interpretation harmonizes best with the purpose of the long arm statute, which "is to assert jurisdiction, to the extent permissible under the Due Process Clause of the Constitution of the United States, over nonresidents who engage in some purposeful activity in Virginia." Bergaust, 57 Va. App. at 429 (quoting Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc., 218 Va. 533, 534 (1977)). Its purpose is not to circumvent jurisdictional rules and service requirements for suits against residents. Accordingly, we conclude that the circuit court correctly concluded it did not have personal jurisdiction over husband. Consequently, it did not err in finding that it did not have the authority to order husband to pay child support at the time the divorce decree was entered.

Though "this interpretation may result in the anomalous situation where support obligations become part of a decree, but remain unenforceable, we find that such an interpretation is necessary[.]" Morris, 4 Va. App. at 543 (finding that support provisions were properly affirmed but unenforceable where circuit court did not have *in personam* jurisdiction because husband was served by order of publication). "[A]lthough a court may affirm, ratify and incorporate a property settlement agreement into its final decree, it may only enforce personal obligations contained therein when personal jurisdiction has been obtained over the party obligated to perform." Price v. Price, 17 Va. App. 105, 112 (1993) (alteration in original) (quoting Morris, 4 Va. App. at 545). Thus, husband's child "support obligations contained in the agreement became part of the divorce decree, but remained unenforceable by resort to the contempt powers of the court that rendered the divorce." Id. at 113 (quoting Morris, 4 Va. App. at 543).

## B. *Retroactive Modification of Child Support*

Wife argues that the circuit court erred by retroactively modifying the child support in violation of Code § 20-112, which provides that "no support order may be retroactively

modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party."

Wife, however, mistakes the nature of husband's motion and the ruling of the circuit court. Husband did not seek to modify or terminate the child support, nor did the circuit court retroactively modify child support.

Instead, the circuit court concluded that it did not have jurisdiction to order child support in the first place. "A court acquires no jurisdiction over the person of a defendant until process is served in the manner provided by statute, and a judgment entered by a court which lacks jurisdiction over a defendant is void as against that defendant." Slaughter v. Commonwealth, 222 Va. 787, 791 (1981) (citations omitted). The lack of jurisdiction to enter an order renders the order a complete nullity. Singh v. Mooney, 261 Va. 48, 52 (2001). Because we conclude that the circuit court lacked *in personam* jurisdiction at the time it entered the divorce decree, the order of child support was a complete nullity and was void from the time of entry. Consequently, the circuit court could not, and did not, retroactively modify child support.

III. CONCLUSION

For the foregoing reasons, we affirm the circuit court.

Affirmed.